**Paola RODRIGUEZ–SURUY, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74452.
Agency No. A70–935–433.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 1, 2004.

Decided May 17, 2004.

---

Jesse A. Moorman, Judith L. Wood, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Judith K. Hines, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, PREGERSON, and TALLMAN, Circuit Judges.

MEMORANDUM *

Petitioner Paola Rodriguez–Suruy petitions for review of the Board of Immigra-

tion Appeals' ("BIA") order dismissing her appeal of an immigration judge's ("IJ") denial of her motion to reopen deportation proceedings held *in absentia.* She alleges that her attorney's ineffective assistance caused her absence from the deportation hearing. She also contends that Article 3 of the Convention Against Torture trumps the exceptional circumstances standard for motions to reopen.

We first address whether petitioner exhausted her claim, because we are without jurisdiction to address a claim not raised at the administrative level. *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1183 (9th Cir. 2001) (en banc). Petitioner's motion to reopen explained that her attorney had not provided her with notice of the hearing. Her appeal to the BIA also attributed her absence to her attorney's error. Although petitioner did not expressly invoke the exceptional circumstances standard, or claim to have received ineffective assistance of counsel, she presented the factual background in her filings to the agency, and the IJ ruled that her attorney's failure to provide notice did not constitute an exceptional circumstance. Thus, the issue was adequately presented to the agency, and we may consider petitioner's argument. *See id.* at 1183–84, 1186 (claim exhausted where, *inter alia,* petitioner presented the factual background and BIA considered the merits); *cf. Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 819 (9th Cir.2003) ("Before a petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA or IJ.").

A deportation order entered *in absentia* may be rescinded if the petitioner demonstrates that his or her absence was because of an exceptional circumstance. 8 U.S.C. § 1252b(c)(3)(A) (1994). The BIA

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

has ruled that receipt of ineffective assistance of counsel qualifies as an exceptional circumstance. *See Lo v. Ashcroft,* 341 F.3d 934, 936–37 (9th Cir.2003). To show ineffective assistance of counsel, a petitioner generally must comply with the factors set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (adopting *Lozada* factors). However, the *Lozada* elements are not sacrosanct, *Castillo–Perez v. INS,* 212 F.3d 518, 525 (9th Cir.2000), and have been "dispensed with ... where counsel's ineffective assistance was obvious and undisputed on the face of the record." *Reyes v. Ashcroft,* 358 F.3d 592, 597 (9th Cir.2004). Moreover, ineffective assistance of counsel claims are seldom rejected solely because of *Lozada* deficiencies. *Lo,* 341 F.3d at 937 n. 4.

Petitioner explained her absence in a signed statement attached to her motion to reopen, and petitioner's counsel candidly admitted that she did not notify petitioner of the hearing. That petitioner did not report her attorney to the bar, or provide an explanation for not doing so, does not derail her claim. She substantially complied with *Lozada,* and the ineffective assistance is apparent from the record. *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1227 (9th Cir.2002); *cf. Rojas–Garcia,* 339 F.3d at 826. Moreover, she had appeared at the previous nine hearings and had no incentive to delay the proceedings. *See Singh v. INS,* 295 F.3d 1037, 1040 (9th Cir.2002) (considering petitioner's diligent attendance and reason to delay the proceedings).

Contrary to the IJ's decision, which we review when the BIA rules summarily, *see Reyes,* 358 F.3d at 595, the failure of petitioner's counsel to provide her with notice does qualify as an exceptional circumstance. *Cf. Lo,* 341 F.3d at 935. Accordingly, we grant the petition for review and

remand to the BIA for further proceedings. We do not reach petitioner's alternative argument regarding the Convention Against Torture.

## PETITION GRANTED.

TALLMAN, Circuit Judge, dissenting.

Paola Rodriguez–Suruy's petition for review should be dismissed because she failed to exhaust her claims before the BIA. Because we lack jurisdiction, I respectfully dissent.

The court correctly notes that, "[b]efore a petitioner can raise an argument on appeal, [she] must first raise the issue before the BIA or IJ." *Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 819 (9th Cir.2003). If an argument has not been raised at the administrative level, then we lack jurisdiction to even consider the matter. *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1183 (9th Cir.2001) (en banc).

Rodriguez–Suruy did not argue to the IJ or BIA that her failure to appear was due to an exceptional circumstance, or specifically the ineffective assistance of her counsel. In fact, the disposition concedes that she "did not expressly invoke the exceptional circumstances standard, or claim to have received ineffective assistance of counsel." The only indication in the record of such a claim is a single sentence in the facts section of Rodriguez–Suruy's appeal to the BIA, which explains that her absence from her deportation hearing was because her attorney failed to inform her of the proceedings. Yet the court somehow finds this sufficient to raise a claim and adequate to exhaust administrative remedies.

In effect, the disposition equates setting forth facts which might give rise to an ineffective assistance claim with actually making such a claim, and reasons that such a conclusion is supported by our case

law. However, *Socop–Gonzalez,* upon which the court relies, is unavailing. There, the petitioner sought review of a BIA decision on equitable estoppel grounds, but we found that the facts warranted relief through equitable tolling. *Id.* at 1184–85. Even though the petitioner had not specifically raised that claim, it was sufficiently similar to equitable estoppel to merit granting the petition.

In contrast, Rodriguez–Suruy's motion to reopen and subsequent appeal to the BIA allege that the IJ abused his discretion by refusing to waive her appearance at the master calendar hearing. In contrast to the close similarity between equitable estoppel and tolling, refusal to waive petitioner's appearance is not sufficiently similar to a claim of exceptional circumstances—specifically ineffective assistance of counsel—to satisfy the administrative exhaustion requirement. Nonetheless, the court essentially holds that as long as sufficient facts are alleged in a petitioner's motion, any claims that might arise from those facts will be deemed to be preserved on appeal. This stretches *Socop–Gonzalez* beyond its clear and intended holding.

Because Rodriguez–Suruy failed to properly raise a claim of exceptional circumstances or ineffective assistance of counsel at the administrative level, we lack jurisdiction to consider her petition.