**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

PATRICK ARIKO,

    Petitioner,

v.

ALBERTO GONZALEZ, United States
Attorney,[*]

    Respondent.

No. 05-9511
On Petition for Review of BIA Order
File No. A78 893 084

---

**ORDER AND JUDGMENT**[**]

---

Before **TACHA**, Chief Circuit Judge, **PORFILIO**, Circuit Judge, and **JOHNSON,**
District Judge.[***]

---

This petition for review challenges the Board of Immigration Appeals' (BIA's)

decision denying Petitioner Patrick Ariko's motion to reopen based on ineffective

---

[*] On February 4, 2005, Alberto R. Gonzales became the United States Attorney
General. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure,
Mr. Gonzales is substituted for John Ashcroft as the Respondent in this action.

[**] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[***] The Honorable William P. Johnson, United States District Court for the District
of New Mexico, sitting by designation.

assistance of counsel.

## BACKGROUND

Petitioner Patrick Ariko is a 38 year-old native and citizen of Uganda who legally entered the United States as a visitor on October 15, 1991. His permission to remain in the United States expired on January 14, 1992. Removal proceedings were initiated, based on Petitioner's remaining in the United States as a non-immigrant for a longer time than permitted. Mr. Ariko applied for asylum and withholding of removal in April, 1998, claiming that he had suffered political persecution at the hands of the Ugandan regime and would be picked up as a suspected anti-government rebel.

Petitioner first appeared in immigration court for a calendaring hearing on October 3, 2001, with attorney David A. Senseney. The court held four more calendaring hearings in the case: January 2, 2002, May 1, 2002, May 30, 2002 and June 20, 2002. The court then scheduled three individual hearings in the case, on October 29, 2002, April 22, 2003 and April 13, 2004.[1]

Mr. Ariko did not appear for the April 13, 2004 hearing. Based on his failure to appear, the Immigration Judge entered an *in absentia* removal order against him, ordering Petitioner removed from the United States to Uganda.

On May 18, 2004, Petitioner filed with the Immigration Judge a "Motion to

---

[1] The notices for the October 29, 2002 and April 22, 2003 indicated that Ariko needed to provide fingerprints to the immigration court.

Reopen Based upon Ineffective Assistance of Counsel." He claimed that although he was present when the Immigration Judge scheduled the April 13, 2004 hearing, he "did not understand what happened" and claimed that Mr. Senseney promised to mail written notice to him of the final immigration court date, but failed to do so.

The Immigration Judge denied the motion to reopen on June 7, 2004, stating that Petitioner "failed to keep in touch with his attorney." Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). The BIA affirmed the denial on January 25, 2005, affirmed the Immigration Judge's decision, finding that Petitioner "failed to set forth a claim of ineffective assistance of counsel that is compliant with the [the BIA's] decision in Matter of Lozada, 19 I&N Dec. 637 (BIA 1988), aff'd, 857 F.2d 10 (1st Cir. 1988).

## DISCUSSION

Mr. Ariko filed a timely petition for review on February 23, 2005, within thirty days of the BIA's January 25, 2005 order. 8 U.S.C. § 1252(b)(1) (30 day time limit for filing petition for review). The decision to grant or deny a motion to reopen proceedings is within the BIA's discretion. 8 C.F.R. § 1003.2(a). We review the BIA's decision on a motion to reopen only for an abuse of discretion, where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Infanzon v. Ashcroft, 386 F.3d 1359, 1362 (10th Cir. 2004); Gurung v. Ashcroft, 371 F.3d 718, 720 (10th Cir. 2004) (quoting

Mickeviciute v. INS, 327 F.3d 1159, 1162 (10th Cir. 2003)).

A respondent in removal proceedings who has been deported *in absentia* for failure to appear at his final hearing may move to reopen the removal proceedings, but must show that his failure to appear was due to exceptional circumstances beyond his control. Tang v. Ashcroft, 354 F.3d 1192 (10th Cir. 2003). In Lozada, the BIA held that an alien may move to reopen removal proceedings on the basis of ineffective assistance of counsel but must meet three procedural requirements. First, he must present an affidavit explaining his relationship with his attorney and the pertinent allegations of ineffective assistance. Second, the attorney must be given an opportunity to respond to the allegations. Third, he must either file a bar complaint against the attorney or provide an adequate explanation why a bar complaint has not been filed.[2]

Petitioner contends that the BIA abused its discretion in affirming the Immigration Judge's denial of his motion to reopen because he met the procedural requirements of Lozada, and also contends that the BIA failed to set forth a discernible rationale for its decision sufficient to enable a reviewing court to conduct a meaningful review.

---

[2] In Tang v. Ashcroft, 354 F.3d 1192, 1196 (10th Cir. 2003), we assumed without deciding that "an attorney's deficient performance can amount to exceptional circumstances under § 1229a(e)(1) sufficient to reopen removal proceedings. See also, Lo v. Ashcroft, 341 F.3d 934, 936 (9th Cir. 2003) (citing In re Rivera-Claros, 21 I. & N. Dec. 599, 602, 1996 WL 580694 (BIA 1996), aff'd, 122 F.3d 1062 (4th Cir. Sept.3, 1997) (unpublished decision)). In other words, the Lozada factors are a threshold procedural requirement that generally must be satisfied before ineffective assistance of counsel can be considered as an exceptional circumstance.

**I.      The Lozada Procedural Factors**

There is no dispute that Petitioner fulfilled the first and second requirements.  The dispute centers on the third requirement.  Petitioner did not file a bar complaint, his stated reason being that his attorney had made an inadvertent mistake so he had not engaged in misconduct. The bulk of petitioner's argument is that he complied with the third requirement because Lozada does not require that a bar complaint always be filed, citing to other federal circuit courts of appeals for this proposition.[3]

In Lo v. Ashcroft, 341 F.3d at 938, petitioner did not file a formal bar complaint because he realized that counsel's error was "inadvertent" and he wished to give counsel a "chance to correct the error."  The Fourth Circuit accepted petitioner's explanation for not filing a formal complaint because the circumstances indicated that petitioners "did all they reasonably could to have their cases heard promptly." Id.   Unlike Mr. Ariko, Mr. Lo

---

[3]  However, these cases do not necessarily convince us that Mr. Ariko would not have been required to complete the Lozada bar complaint requirement, even if the BIA's decision had addressed this issue as the basis for the denial.  As these cases demonstrate, the BIA has discretion to reject a reason for not filing a formal bar complaint when it is not reasonable or otherwise acceptable.  See, e.g., Xu Yong Lu v. Ashcroft, 259 F.3d 127, 135 (3d Cir. 2001) (rejecting petitioner's reason for not filing complaint because former counsel had acted on a pro bono basis); Stroe v. I.N.S., 256 F.3d 498, 500 (7th Cir. 2001) (Board was entitled to reject petitioners' explanation for not filing a complaint against former counsel because "[i]t was not a good explanation[,]" where petitioners stated that counsel had performed the service for which they paid him – filing a brief – although the brief was untimely); but see, Esposito v. I.N.S., 987 F.2d 108, 111 (2d Cir. 1993) (petitioner not required to file formal complaint where he had provided a reasonable explanation in his affidavit for not doing so – a belief that former counsel had already been suspended from the practice of law).

called his attorney the day before the hearing to check on the hearing date, but was given incorrect information about the hearing date from the secretary. In Mr. Ariko's case, the record indicates that not only did Mr. Ariko fail to keep in touch with his attorney, but also at the April 13, 2004 hearing, Mr. Senseney advised the judge that he had been unable to reach Mr. Ariko and that Mr. Ariko's whereabouts were unknown to him. In fact, Mr. Ariko was no where to be found when immigration officials looked for him after he failed to appear for the last hearing.

The question of whether petitioner met the third procedural requirements of Lozada need not be answered in order to conduct a meaningful review of the BIA's decision. The procedural requirements of Lozada did not form the basis for either the Immigration Judge's order or the BIA's affirmance. The Immigration Judge's order succinctly stated that petitioner "failed to keep in touch with his attorney." The BIA found that petitioner had "failed to set forth a claim of ineffective assistance of counsel that is compliant with our decision in [Lozada]" as well as failed to show exceptional circumstances for his failure to appear.

The procedural requirements set forth in Lozada are essentially a "screening device" which the BIA considers before considering the merits of ineffective assistance claims. Infanzon v. Ashcroft, 386 F.3d 1359, 1362 (10th Cir. 2004). In order to prevail on the merits of an ineffective assistance claim, a petitioner must show "that he was prejudiced by his representative's performance." Lozada, 19 I&N Dec. at 638. In this

case, the BIA's denial of petitioner's motion clearly went straight to the heart of the claim, attributing any alleged prejudice claimed by Mr. Ariko on his own failure to keep in touch with his attorney. It was not an abuse of discretion for the BIA to do so. See, e.g., Rodriguez-Lariz v. I.N.S., 282 F.3d 1218, 1227 (9th Cir. 2002) ("[The Lozada ] factors are not rigidly applied, especially when the record shows a clear and obvious case of ineffective assistance"); Lo v. Ashcroft, 341 F.3d 934, 937 n.4 (9th Cir. 2003) ("We seldom reject ineffective assistance of counsel claims solely on the basis of Lozada deficiencies").

Thus, Petitioner's arguments for his position that Lozada did not require him to file a bar complaint in his situation is not relevant to the BIA's denial of his motion to reopen, because the denial was not based on any of the Lozada procedural deficiencies.

## II.    Sufficient Rationale by the Agency

Petitioner contends that there was no discernable rationale for the BIA to conclude that Mr. Ariko had "failed to set forth a claim of ineffective assistance of counsel that [was] compliant" with [the BIA's] decision in Lozada.

While the BIA is not required to provide a lengthy analysis of its decisions, it is required to "announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Turri v. Immigration and Naturalization Service, 997 F.2d 1306, 1310 (10th Cir. 1993); Mickeviciute, 327 F.3d at 1163 n.3 (BIA decision must have enough information to enable reviewing court to

conduct meaningful review.)

Petitioner's contention that the BIA abused its discretion in failing to provide a reasoned basis for its decision finds no support in the record. The rationale in the BIA's decision is sufficiently clear for us to conduct a review. Petitioner's motion to reopen was based on ineffective assistance of counsel. The Immigration Judge's order articulated a specific reason why petitioner's failure to appear could not be excused on that basis but rather would be imputed to his own failure to keep in touch with his attorney. The BIA affirmed the denial by concluding that petitioner's claim failed under Lozada, and failed as an exceptional circumstance which would excuse his failure to appear. Failing to keep in touch with one's attorney is not an exceptional circumstance where it is not beyond one's control. The record does not contain anything which would suggest that keeping in touch with his attorney was beyond Mr. Ariko's control.

Petitioner cites to cases where we found that the BIA's decision failed to articulate a sufficiently reasoned basis for denying relief, and where we remanded to the BIA for further explanation of its decisions. These cases are inapposite to the present situation. For example, the Immigration Judge's decision in Wiransane v. Ashcroft, 366 F.3d 889 (10th Cir. 2004) involved a credibility determination, which requires "specific, cogent" reasons to support an adverse finding. Id. At 897-98. Credibility was not at issue in Mr. Ariko's case.

In Turri and Mickeviciute, the other two cases relied on by petitioner, in which we

found the Immigration Judge's reasoning to be inadequate, the BIA's decisions were devoid of any explanation for the adverse decision. In <u>Turri</u>, the petitioner claimed extreme hardship to support her eligibility for suspension of deportation. In the order denying petitioner's application, the Immigration Judge recited a laundry list of factors which are taken into consideration for such a claim, then simply concluded that the factors presented did not constitute extreme hardship. 997 F.2d at 1309. In <u>Mickeviciute</u>, the Immigration Judge's entire analysis began with a statement of the issue to be decided, and ended by concluding merely that "[i]t would not be appropriate. . . to reopen the proceedings for the purpose of permitting [Petitioner] to remain in the United States while she seeks relief in the federal courts. . . ." No actual reason or rationale was provided for that conclusion.

The dissent in <u>Mickeviciute</u> stated that remand was "pointless" because while the BIA's opinion "may have been brief," it "was clear, and it was not unreasonable." 327 F.3d at 1167 (McConnell, J., dissenting). Remand is pointless here, as well, but for another reason. In this case, there is no reason to question the adequacy of the BIA's order denying Mr. Ariko's motion. The Immigration Judge provided a terse, but nevertheless sufficient rationale for denying petitioner's motion to reopen, which was affirmed on appeal: that petitioner had not kept in contact with his attorney.

## CONCLUSION

In sum, we find that Petitioner's arguments for his position that <u>Lozada</u> did not

require him to file a bar complaint in his situation is not relevant to the BIA's denial of his motion to reopen, because the denial was not based on any of the Lozada procedural deficiencies. Further, we find that the BIA's decision affirming the denial of Mr. Ariko's motion to reopen articulated a rationale sufficient to enable review by this Court. Consequently, petitioner has failed to demonstrate that the BIA abused its discretion in denying his motion to reopen, and his petition for review is DENIED. Petitioner's motion to proceed in forma pauperis is granted.

Entered for the Court

William P. Johnson
District Judge