**Vicente Zapien AVALOS; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

Vicente Zapien Avalos;
et al., Petitioners,

v.

Alberto R. Gonzales, Attorney
General, Respondent.

Vicente Zapien Avalos;
et al., Petitioners,

v.

Alberto R. Gonzales, Attorney
General, Respondent.

Nos. 05–71659, 05–74248, 05–77085.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Jessica Dominguez, Esq., Law Office of Jessica Dominguez, Roxana V. Muro, Sherman Oaks, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Dennis M. Wong, U.S. Dept. of Justice Civil Division, Dublin, CA, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Vicente Zapien Avalos and Berenice Anguano Reyes, husband and wife and natives and citizens of Mexico, petition for review of three orders of the Board of Immigration Appeals: (1) the BIA's dismissal of their appeal from the immigration judge's ("IJ") denial of their application for cancellation of removal (05–71659); (2) the BIA's denial of their motion to reopen (05–74248); and (3) the BIA's denial of their motion to reconsider the denial of their motion to reopen (05–77085).

The BIA denied the underlying application for cancellation of removal based on petitioners' failure to establish the requisite exceptional and extremely unusual hardship to their two United States citizen children. The BIA initially denied the motion to reopen due to petitioners' failure to

obtain a stay or to voluntarily depart. The BIA granted the subsequent motion to reconsider, based on its conclusion that it erred in denying the motion to reopen based on petitioners' failure to voluntarily depart, because the petitioners had obtained a stay from this court. The BIA proceeded to consider the motion to reopen on the merits, and denied the motion to reopen due to petitioners' failure to establish ineffective assistance of counsel or extreme hardship to their qualifying relatives.

Petitioners contend that their counsel was ineffective because counsel did not properly prepare petitioners for the hearing or present meaningful evidence of the medical and special educational needs of one of their children; and argue that this constitutes a violation of their due process rights.

We lack jurisdiction to review the BIA's underlying discretionary extreme hardship determination. *See Fernandez v. Gonzales,* 439 F.3d 592, 601 (9th Cir.2006); *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). We also lack jurisdiction to review that portion of the BIA's denial of petitioners' motion to reopen that was based on a discretionary hardship determination, because the new evidence was cumulative of the original evidence of hardship, namely petitioners' son's medical and educational needs. *See Fernandez,* 439 F.3d at 601. Concerning petitioners' ineffective assistance of counsel claim in their motion to reopen, the BIA did not abuse its discretion in concluding that petitioners' claims of ineffective assistance were not supported by the evidence. *Lo v. Ashcroft,* 341 F.3d 934, 937 (9th Cir.2003) (this court will not disturb the BIA's denial of a motion to re-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

open "[u]nless [it] acted arbitrarily, irrationally, or contrary to law.") Finally, the BIA did grant petitioners' motion to reconsider its initial denial of the motion to reopen, and therefore, petitioners' petition for review from the reconsideration order is moot.

We dismiss 05–71659 for lack of jurisdiction. We dismiss, as moot, 05–77085. Petition for review 05–74248, is denied in part and dismissed in part.[1]

**PETITIONS FOR REVIEW 05–71659 AND 05–77085 DISMISSED; PETITION FOR REVIEW 05–74248 DISMISSED IN PART, AND DENIED IN PART.**

---

1. Appellant's second request for an extension of time to file a reply brief, received on November 30, 2006, is denied.