The mandate shall issue forthwith.

**Maria Alice DA SILVA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–73221.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.[*]

Filed Feb. 27, 2007.

Maria Alice Da Silva, Las Vegas, NV, pro se.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Greg D. Mack, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM [**]

Maria Alice Da Silva, a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's ("IJ") decision denying her motion to reopen removal proceedings conducted in absentia and denying her motion to reconsider the IJ's denial of her motion to reopen. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *see Lo v. Ashcroft,* 341 F.3d 934, 937 (9th Cir. 2003), we grant in part and dismiss in part the petition for review, and remand for further proceedings.

The IJ abused his discretion in denying Da Silva's motion to reopen based on Da Silva's attorney acknowledged responsibility for Da Silva's failure to appear at her hearing. We remand to the IJ for further proceedings consistent with this disposition.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We lack jurisdiction to consider Da Silva's contention that the IJ erred in denying her motion to consolidate her case with her brother's case because she did not raise this issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion of an alleged procedural error is mandatory and jurisdictional).

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.