**Fong Yang LO, aka Fong Yang;
Yu Bin Lo, Petitioners,**

v.

**John D. ASHCROFT, Attorney
General, Respondent.**

No. 02–70384.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2003.

Filed Aug. 27, 2003.

David L. Ross, Ross, Rose & Hammill, LLP, Beverly Hills, CA, for the petitioners.

David E. Dauenheimer and Stephen J. Flynn, U.S. Department of Justice, Washington, DC, for the respondent.

Before HALL, THOMPSON and BERZON, Circuit Judges.

## OPINION

DAVID R. THOMPSON, Circuit Judge:

When Yu Bin Lo and Fong Yang Lo ("petitioners"), husband and wife, failed to appear at their scheduled removal hearing, the Immigration Judge ("IJ") ordered them removed *in absentia* pursuant to 8 U.S.C. § 1229a(b)(5)(A).[1] They filed motions to reopen, asserting that their failure to appear was due to their counsel's ineffective assistance and Mrs. Lo's medical condition. The IJ denied their motions, and the BIA dismissed their appeal. They petition this court for review of the denial of their motions to reopen.

We conclude that the petitioners' failure to attend their removal hearing was due to ineffective assistance of counsel which was an "exceptional circumstance" within the meaning of § 1229a(e)(1), requiring rescission of their removal order pursuant to § 1229a(b)(5)(C)(i). *See Monjaraz–Munoz v. INS*, 2003 WL 21848160, at *3 (9th Cir.2003) ("An *in absentia* removal order shall be rescinded if the alien demonstrates that he failed to appear because of 'exceptional circumstances.'") (citing *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996)). Accordingly, we grant the petition for review, reverse the denial of the motions to reopen, and remand to the BIA for further proceedings.[2]

## I

The petitioners arrived in the United States in 1985. Mr. Lo initially was admitted on a student visa, and Mrs. Lo was admitted as the non-immigrant spouse of a student. Mr. Lo's status later changed to "temporary worker." The petitioners have two minor United States-citizen children who were born in Los Angeles in 1985 and 1988. Mr. Lo's mother lives with the petitioners. She is seventy-four years old, is a lawful permanent resident of the United States, and suffers from a heart condition. She relies on Mr. Lo for support.

In 1998, the Immigration and Naturalization Service ("INS") notified Mr. Lo that, because he had failed to leave the United States when required to do so, he was subject to removal. Mrs. Lo was later notified that she was subject to removal as well.

Mr. Lo filed an application for cancellation of removal in which he contended that he was "eligible for cancellation of removal because ... removal would result in exceptional and extremely unusual hardship" to his mother and minor children. The petitioners' cases were consolidated and they retained David L. Ross, their present attorney, to represent both of them. During the course of the proceedings, the petitioners appeared at several scheduled removal hearings, each of which was continued to a later date. Eventually, both received written notices, pursuant to § 1229(a), to appear at a removal hearing in the immigration court on January 21, 2000.

On January 20, 2000, Mr. Lo called attorney Ross to tell him that his wife was having severe back pain. Mr. Lo was concerned that due to Mrs. Lo's medical condition, they would not be able to attend

---

1. Unless otherwise specified, all further references are to Title 8 of the United States Code.

2. We do not consider the petitioners' alternative argument that Mrs. Lo's medical condition was also an "exceptional circumstance."

the hearing scheduled for the next day. Ross was not in his office, so Mr. Lo spoke with his secretary. She informed Mr. Lo, erroneously, that he "had nothing to worry about since the hearing was not until Monday, the 24th." Acting on this advice, the petitioners did not attend the hearing on January 21 or otherwise contact the court. Instead, on January 21, Mr. Lo took his wife to her chiropractor where she received treatment for her back.

The IJ conducted the January 21 hearing for both petitioners *in absentia* and ordered them removed pursuant to § 1229a(b)(5)(A), which provides that "[a]ny alien who, after written notice ... does not attend a proceeding under this section, shall be ordered removed in absentia if the [Immigration and Naturalization] Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." The petitioners each filed a timely motion to reopen, supported by their own and Ross's affidavits.

In support of their motions to reopen, the petitioners asserted that, under § 1229a(b)(5)(C)(i), Mrs. Lo's back pain was an "exceptional circumstance" as defined by § 1229a(e)(1) that merited rescission of the *in absentia* order of removal. They also asserted that reopening was warranted due to the erroneous advice Mr. Lo received from attorney Ross's office, which they alleged constituted ineffective assistance of counsel.

The IJ ruled that the petitioners' showing of ineffective assistance of counsel was not sufficient for reopening because they had failed to file a complaint against Ross with the State Bar or satisfactorily explain why they did not file such a complaint in accordance with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639(BIA), *aff'd,* 857 F.2d 10 (1st Cir.1988). Additionally, the IJ determined that the petitioners had failed to establish prejudice

because they had received notice of the correct hearing date. The IJ also rejected the petitioners' alternate contention that Mrs. Lo's medical condition independently constituted an exceptional circumstance that warranted reopening the proceedings.

The petitioners appealed to the BIA. The BIA dismissed their appeal, concurring with the IJ's analysis, and this petition for review followed.

## II

■ Although the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546, proscribes federal courts' jurisdiction to review most orders denying discretionary relief for removable aliens, it specifically provides for limited judicial review of *in absentia* removal orders. 8 U.S.C. § 1229a(b)(5)(D) (2000) ("Any petition for review under section 1252 of [Title 8] of an order entered in absentia under [§ 1229a] shall ... be confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable.").

An *in absentia* order of removal may be rescinded if, within 180 days, the alien files a motion to reopen that demonstrates that his absence was due to "exceptional circumstances." *See* 8 U.S.C. § 1229a(b)(5)(C)(i) (2000). "The term 'exceptional circumstances' refers to exceptional circumstances (such as serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1) (2000). The BIA has determined that ineffective assistance of counsel, if established under its rules, qualifies as an exceptional circumstance warranting rescission of an *in absentia*

order of removal pursuant to § 1229a(b)(5)(C)(i). *In re Rivera–Claros,* 21 I. & N. Dec. 599, 602, 1996 WL 580694 (BIA 1996), *aff'd,* 122 F.3d 1062 (4th Cir. Sept.3, 1997) (unpublished decision); *In re Grijalva–Barrera,* 21 I. & N. Dec. 472, 474, 1996 WL 413571 (BIA 1996).

■ We review for abuse of discretion the BIA's ruling on a motion to reopen. *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002) (citing *Shaar v. INS,* 141 F.3d 953, 955 (9th Cir.1998)). " 'Unless the [BIA] acted arbitrarily, irrationally, or contrary to law, we should not disturb[its] ruling.' " *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 891 (9th Cir.2002) (quoting *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000)) (second alteration in *Celis–Castellano* ). We conclude that the BIA acted arbitrarily in denying the petitioners' motions to reopen on the basis of exceptional circumstances.[3]

"Before making an ineffective assistance of counsel claim, an alien generally must comply with the procedural requirements established by the BIA in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988) and adopted by this court." *Iturribarria v. INS,* 321 F.3d 889, 900 (9th Cir.2003) (citing *Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1123 (9th Cir.2000)). In *Lozada,* the BIA prescribed that, to support a claim of ineffective assistance of counsel, an aggrieved party must (1) submit an affidavit setting forth in detail the agreement entered into with counsel regarding the alien's representation; (2) present evidence that counsel was informed of the allegations of ineffective assistance and given an opportunity to respond; and (3) either show that a complaint against coun-

sel was filed with the proper disciplinary authorities or explain why no such complaint was filed. *Id.; Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (citing *Lozada,* 19 I. & N. Dec. at 639).

In practice, we have been flexible in applying the *Lozada* requirements. *See, e.g., Rodriguez–Lariz,* 282 F.3d at 1227 ("[The *Lozada* ] factors are not rigidly applied, especially when the record shows a clear and obvious case of ineffective assistance."); *Ontiveros–Lopez v. INS,* 213 F.3d at 1124–25 (holding that arbitrary application of *Lozada* requirements was abuse of discretion where new counsel's declaration described his diligent efforts to comply with the *Lozada* standard); *Castillo–Perez,* 212 F.3d at 526 (holding that *Lozada* need not be rigidly enforced where it was clearly demonstrated that counsel "completely failed in his duties to his client"); *Escobar–Grijalva v. INS,* 206 F.3d 1331, 1335 (holding that the *Lozada* rules for ineffective assistance of counsel are not dispositive when the hearing transcript clearly established that the petitioner was denied the right to choose counsel), *as amended by* 213 F.3d 1221 (9th Cir. 2000).[4]

Flexibility in applying the *Lozada* requirements comports with *Lozada's* policy goals, which are to provide a framework within which to assess the *bona fides* of the substantial number of ineffective assistance claims asserted, to discourage baseless allegations and meritless claims, and to hold attorneys to appropriate standards of performance. *See Lozada,* 19 I. & N. Dec. at 639. When these goals are met, we have not insisted upon strict compliance.

---

**3.** Although the petitioners also challenge the denial of their motions to reopen on the ground that they were deprived of due process due to the ineffective assistance of their counsel, we do not reach that constitutional issue.

**4.** We seldom reject ineffective assistance of counsel claims *solely* on the basis of *Lozada* deficiencies. *See, e.g., Melkonian v. Ashcroft,* 320 F.3d 1061, 1072 (9th Cir.2003); *Lata,* 204 F.3d at 1246.

Here, the petitioners supported their motions to reopen with affidavits designed to meet the *Lozada* requirements. In these affidavits, they asserted that they had faithfully appeared at the scheduled dates and times of all hearings except the hearing scheduled for January 21. On January 20, because Mrs. Lo was experiencing "severe back pain," Mr. Lo telephoned attorney Ross's office to explain that they were "worried about [their] hearing [the next day] and the fact that [they] would not be able to appear." Ross was not in his office, but his secretary checked his calendar and informed the petitioners that they "had nothing to worry about since the hearing was not until Monday, the 24th." Accordingly, on January 21 the petitioners went to see Mrs. Lo's chiropractor and did not attend the hearing or contact the court.

Ross presented his own affidavit. He explained that the employee in his office who was responsible for recording hearing dates on the law office's calendar had mistakenly calendared the hearing for January 24. The employee had been suffering from a heart and blood pressure ailment of which Ross was unaware and which caused the employee to suffer bouts of dizziness and ultimately a stroke. Ross further stated that as soon as he discovered the error, he took steps to rectify it. He appeared with the petitioners before the IJ on the next business day, January 24, informed the IJ of the situation, and took full responsibility for his mistake. On January 25, he filed the petitioners' motions to reopen.

The petitioners, in their affidavits in support of their motions to reopen, explained that they had not filed a State Bar complaint against Ross because they "recognize[d] that his mistake was an inadver-

tent one and wish[ed] to give Mr. Ross a chance to correct the error." Ross had every incentive to do so, and they wanted to give him that opportunity.

There is no question the petitioners complied with the first and second *Lozada* requirements. A primary goal of the third requirement, that of filing or satisfactorily explaining the non-filing of a complaint with the proper disciplinary authorities, is to protect against the collusive use by aliens and their counsel of ineffective assistance of counsel claims to achieve delay. *See Rivera–Claros,* 21 I. & N. Dec. at 604–05.

In the present case, there is no suggestion of collusion. To the contrary, the circumstances indicate that the petitioners did all they reasonably could to have their cases heard promptly. They faithfully appeared at all previously scheduled removal hearings; Mr. Lo called his attorney the day before the January 21 hearing because he was concerned that he and his wife would be unable to attend that hearing due to his wife's medical condition; he had filed an extensive application that presented substantial evidence of eligibility for discretionary relief from removal; and neither he nor his wife had any reason to miss the January 21 hearing and subject themselves to an *in absentia* removal order. In these circumstances, the failure to file a complaint with the appropriate disciplinary authorities (*i.e.,* the State Bar) does not defeat the petitioners' ineffective assistance of counsel claim.

Reopening the removal hearing would not be an idle act. The consolidated administrative record before this court, including Mr. Lo's application for cancellation of removal, contains substantial support for the petitioners' application for discretionary relief under 8 U.S.C. § 1229b(b)(1).[5] The petitioners assert

---

**5.** The Attorney General may cancel removal of a deportable non-permanent resident alien

if that alien:

that they have been in the United States continuously for more than ten years, are of good moral character, and have not been convicted of any criminal offenses. They also assert that their removal would either separate them from their minor children, who would be entitled to remain in the United States as U.S. citizens, or cause the children to accompany them to Taiwan, a country where the children have never been and the language of which they do not speak. Finally, petitioners contend that Mr. Lo's mother is a lawful permanent resident who would remain in the United States and that she is elderly, ill, and dependent upon Mr. Lo for her support.

 We conclude that the BIA abused its discretion in denying the petitioners' motions to reopen the in absentia removal hearing. The petitioners established that their counsel's ineffective assistance was an exceptional circumstance beyond their control, within the meaning of

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
> (B) has been a person of good moral character during such period;
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title (except in a case described in section 1227(a)(7) of this title where the Attorney General exercises discretion to grant a waiver); and
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.
> 8 U.S.C. § 1229b(b)(1) (2000); *see also* 8 C.F.R. §§ 240.20, 240.21.

**6.** The IJ concluded that, even if the petitioners had received ineffective assistance of counsel, they had not suffered prejudice. The BIA, however, does not normally require a showing of prejudice when a motion for re-

§ 1229a(e)(1), requiring rescission of the removal order pursuant to § 1299a(b)(5)(C)(i). *See Monjaraz–Munoz*, 339 F.3d 1012, 2003 WL 21848160, at *6.[6] Accordingly, we GRANT the petition for review, REVERSE the denial of the petitioners' motions to reopen, and REMAND to the BIA for further proceedings consistent with this opinion.

scission of an *in absentia* removal order is grounded on ineffective assistance of counsel. *See, e.g., Rivera–Claros*, 21 I. & N. Dec. at 603 n. 1 ("The statute does not require a showing of prejudice to obtain relief from an in absentia order. Thus, the 'prejudice' component of our *Lozada* rule has not been extended to this context."); *Grijalva–Barrera*, 21 I. & N. Dec. at 473 n. 2 ("We note that an alien is not required to show prejudice in order to rescind an order of deportation entered following a hearing conducted in absentia under section 242B(c)(3) of the Act."); *but see In re N–K & V–S–*, 21 I. & N. Dec. 879, 881 (BIA 1997) (analyzing prejudice in grant of aliens' motion to reopen an *in absentia* order of deportation on the basis of ineffective assistance of counsel). In a recent case, where we concluded that ineffective assistance of counsel constituted an exceptional circumstance under § 1229a(e)(1), we followed the BIA's usual practice of not requiring a showing of prejudice. *See Monjaraz–Munoz*, 339 F.3d 1012, 2003 WL 21848160, at *6. Consistent with *Monjaraz–Munoz*, we require no such showing here.