**Narinderjit Singh DHILLON,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–71145.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 2004.

Decided May 26, 2004.

Jagdip Singh Sekhon, Sekhon & Sekhon, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, J. Michael Wiggins, Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and FISHER, Circuit Judges.

MEMORANDUM *

Narinderjit Singh Dhillon ("Dhillon") petitions for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA affirmed the Immigration Judge's ("IJ's") denial of Dhillon's motion to reopen deportation proceedings after he was ordered deported in absentia as well as the IJ's denial of Dhillon's claim for relief under the Convention Against Torture ("CAT"). The IJ denied the motion to reopen on the basis that Dhillon had not complied with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988), because he did not file a state bar complaint against his attorney. The IJ denied Dhillon's CAT claim because he found Dhillon's testimony not credible. Dhillon filed a timely petition for review. Because deportation proceedings against Dhillon began before April 1, 1997, and the final order of deportation was issued after October 31, 1996, this case is governed by the transitional rules set forth in section 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, div. C., 110 Stat. 3009. We therefore have jurisdiction of Dhillon's petition pursuant to former 8 U.S.C. § 1105a(a) (1994). *Damon v. Ashcroft,* 360 F.3d 1084, 1088 (9th Cir.2004). We grant the petition in part and deny it in part.

■ We first consider the IJ's denial of Dhillon's claim under CAT. Because the BIA affirmed the IJ's ruling without an opinion, we review the IJ's decision as the final agency action. *See* 8 C.F.R. § 1003.1(e)(4) (2004). We review the IJ's adverse credibility finding against Dhillon under the substantial evidence standard. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir. 2002). While some of the reasons articulated by the IJ for finding Dhillon not credible are not supported by the record, substantial evidence does support the IJ's ultimate conclusion. Most significantly, Dhillon was not able to adequately explain

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the discrepancy between his testimony and documents he had earlier submitted to the former INS relating to the date of his marriage to his first wife. Moreover, the discrepancy was not a minor inconsistency, but instead went to the heart of Dhillon's claim: Dhillon testified that he had decided to flee India after a police raid following his wedding in 1996. The IJ therefore did not abuse his discretion in finding Dhillon's testimony not credible. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (upholding an adverse credibility finding because of inconsistencies regarding petitioner's departure from Morocco).

▪ The BIA and the IJ erred in refusing to reopen Dhillon's deportation proceedings because of his failure to comply strictly with the requirements of *Matter of Lozada*. Under similar circumstances, we have held that strict compliance with *Lozada* is not required when the ineffectiveness of a petitioner's counsel is clear from the record. *Lo v. Ashcroft*, 341 F.3d 934, 938 (9th Cir.2003) (holding that strict compliance with *Lozada* was unnecessary where it was undisputed that the petitioners had missed their merits hearing because of their lawyer's secretary's mistake). However, Dhillon cannot succeed in his ineffective assistance of counsel claim unless he is able to show that he was prejudiced by his counsel's performance. *Azanor v. Ashcroft*, 364 F.3d 1013, 1023 (9th Cir. 2004) (holding that the BIA had not abused its discretion in denying motion to reopen because petitioner had failed to show prejudice). Dhillon cannot make such a showing in relation to his asylum and withholding of deportation claims: those claims are premised on the same testimony which the IJ properly held not to be credible. Therefore, even if Dhillon's counsel had performed competently, Dhillon would have been unable to obtain relief on those claims.

▪ Dhillon was prejudiced, however, in relation to his application for voluntary departure. At the hearing on Dhillon's CAT claim, the IJ was prepared to grant Dhillon voluntary departure until the INS attorney pointed out that the fact that Dhillon had been deported in absentia rendered him ineligible for that form of discretionary relief. Had Dhillon appeared at his initial hearing, it is possible-indeed, likely-that Dhillon would have been granted voluntary departure. Dhillon has therefore shown that he was prejudiced by his counsel's actions, insofar as they deprived him of the opportunity to obtain voluntary departure. *See Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999) ("Prejudice is found when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings.").

Because the determination on voluntary departure is within the discretion of the Attorney General, we remand the case to the BIA for consideration of whether Dhillon should be granted this form of relief.

**PETITION GRANTED IN PART AND DENIED IN PART; REMANDED.** Each party shall bear its costs on appeal.