**Gholam Farooq SALLEHI; Gholgotai Sallehi; Gholam Waez Sallehi; Mohammad Omar Sallehi, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–74563.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 2005.

Decided Aug. 19, 2005.

Warrington S. Parker, III, Esq., Ethan Glass, Esq., Heller Ehrman LLP, San Francisco, CA, for Petitioner.

Gholam Farooq Sallehi, Loma Linda, CA, pro se.

Gholgotai Sallehi, Loma Linda, CA, pro se.

Gholam Waez Sallehi, Loma Linda, CA, pro se.

Mohammad Omar Sallehi, Loma Linda, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carl H. McIn-

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

tyre, Jr., Earle B. Wilson, Esq., Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

MEMORANDUM **

Gholam Farooq Sallehi and his family ("the family") petitioned this court for review of a decision by the Board of Immigration Appeals dismissing the family's appeal of an Immigration Judge's ("IJ's") denial of its motion to reopen exclusion proceedings entered *in absentia.* We find that the family has substantially complied with the intent and purpose of *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988), and that the ineffectiveness of the family's counsel is apparent on the face of the administrative record. *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1227 (9th Cir.2002). Even if the government's acquiescence to the motion to reopen at the IJ level is insufficient to constitute joinder, a denial based on 8 C.F.R. § 1003.23(b)(3) would be inconsistent with our case law, which provides that petitioners need not demonstrate prejudice when an *in absentia* removal order results from ineffective assistance of counsel. *See, e.g., Lo v. Ashcroft,* 341 F.3d 934, 938 n. 6 (9th Cir.2003).

We remand to the BIA pursuant to *INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), for proceedings consistent with this disposition.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

PETITION GRANTED. REMANDED.