**Dian Liang ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–73876.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

Gregory J. Olive, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Alan G. McGonigal, Esq., USWH—Office of the U.S. Attorney, Northern District of West Virginia, Wheeling, WV, for Respondent.

### MEMORANDUM [**]

Dian Liang Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") order denying his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the BIA's ruling on a motion to reopen, *Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir.2003), and we grant the petition for review, and remand for further proceedings.

Zhang's motion to reopen included a declaration stating that Zhang failed to appear at his hearing because he called his former counsel's office and was told the wrong time of the hearing. The IJ reasoned that he need not reach Zhang's ineffective assistance of counsel claim because misinformation from former counsel regarding a hearing time does not rise to the level of exceptional circumstance. *See Monjaraz–Munoz v. INS*, 327 F.3d 892, 897 (9th Cir.2003) (holding that failure to appear based on negligent advice of attorney's agent constituted an exceptional cir-

cumstance). Because providing the wrong time of a hearing can constitute ineffective assistance of counsel, and because ineffective assistance of counsel constitutes an "exceptional circumstance," *see* 8 U.S.C. § 1229a(e)(1); *Lo*, 341 F.3d at 936-7, we reverse and remand to the agency to reopen the proceedings and consider the merits of Zhang's applications for relief.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

