**Joginder Paul SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74096.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

George T. Heridis, Esq., Manish Daftari, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Robert E. Connolly, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Joginder Paul Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") order denying Singh's motion to reopen proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000). We grant the petition for review and remand for further proceedings.

Singh's motion included a declaration stating that he failed to appear at his hearing because his counsel told him an incorrect hearing time. The IJ concluded that a mistake as to the time of the hearing does not rise to the level of exceptional circumstances. Because providing the wrong time of a hearing can constitute ineffective assistance of counsel, and ineffective assistance of counsel constitutes an "exceptional circumstance," we grant the petition and remand to the BIA to remand to the IJ for further proceedings. *See* 8 U.S.C. § 1229a(e)(1); *Lo v. Ashcroft*, 341 F.3d 934, 938–39 (9th Cir.2003) (holding that where counsel's secretary misinformed petitioners of the date of their hearing, causing them to be absent, ineffective assistance of counsel constitutes exceptional circumstances).

Contrary to the government's contention, petitioner sufficiently raised his ineffective assistance of counsel claim below where the IJ addressed it in her decision. *See Socop-Gonzales v. INS*, 272 F.3d 1176, 1186 (9th Cir.2001) (holding that petitioner exhausted administrative remedies where the BIA addressed the issue and therefore policy concerns regarding the underlying exhaustion requirement have been satisfied).

**PETITION FOR REVIEW GRANTED and REMANDED**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

