Arwindar TANWAR, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–71242.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed March 1, 2007.

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, Janice K. Redfern, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

MEMORANDUM **

Arwindar Tanwar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming the Immigration Judge's ("IJ") order denying his second motion to reopen and rescind his *in absentia* removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion, *see Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

■ The IJ did not abuse her discretion in denying Tanwar's second motion to reopen, filed more than 180 days after the final order of removal. *See* 8 C.F.R. § 1003.23(b)(4)(ii); *Lo v. Ashcroft,* 341 F.3d 934, 936 (9th Cir.2003) (noting that an *in absentia* order of removal may be rescinded if an alien, within 180 days, files a motion that demonstrates that his or her failure to appear was due to exceptional circumstances); 8 C.F.R. § 1003.2(c)Denied(2).

The IJ acted within her discretion in refusing to toll these limitations where Tanwar's attorney received notice that the first motion to reopen was denied and Tanwar has not alleged ineffective assistance of counsel. *See Iturribarria v. INS,* 321 F.3d 889, 898 (9th Cir.2003) (stating that the court recognizes equitable tolling of deadlines on motions to reopen when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error) (citations omitted).

■ We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8

R.App. P. 34(a)(2).

C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.