Jorge **TORRES–RAMOS**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 04–73331.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Dec. 14, 2007.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, Rob-

ert W. Eisfelder, Esq., Robert W. Eisfelder Law Offices, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, James A. Hunolt, Esq., P. Michael Truman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, REINHARDT, and RYMER, Circuit Judges.

## MEMORANDUM *

Petitioner Jorge Torres–Ramos ("Ramos") appeals the Board of Immigration's ("BIA") summary affirmance of the Immigration Judge's ("IJ") order of removal. The IJ ordered Ramos removed *in absentia* as an alien previously convicted of a deportable firearms offense. 8 U.S.C. § 1227(a)(2)(C). Ramos makes three principal arguments on appeal. First, he argues that the notice of his removal hearing was fatally defective because it failed to comply with certain statutory requirements. Second, he contends that his failure to appear at the removal hearing was due to ineffective assistance of counsel, thus constituting "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(c)(i).

Third, Ramos argues that the proof of the prior conviction offered by the government at the removal hearing did not amount to "clear, unequivocal, and convincing evidence ... that [he] is removable." 8 U.S.C. § 1229a(b)(5)(A).

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D), and grant the petition with instructions to the BIA to reverse and vacate the IJ's removal order. Counsel's admitted negligent failure to inform Ramos of his hearing date constitutes exceptional circumstances that would entitle him to an *in personam* hearing. But further, Ramos' removal order must be vacated and removal proceedings terminated because the government failed to present "clear, unequivocal, and convincing" evidence of a prior conviction.[1]

 Ineffective assistance of counsel qualifies as "exceptional circumstances" warranting rescission of a removal order entered *in absentia*. *Lo v. Ashcroft*, 341 F.3d 934, 935 (9th Cir.2003) ("We conclude that the petitioners' failure to attend their removal hearing was due to ineffective assistance of counsel which was an 'exceptional circumstance' within the meaning of § 1229a(e)(1), requiring rescission of their removal order pursuant to § 1229a(b)(5)(C)(i)."). Ramos, who has a ninth grade education and cannot read, faxed the notice of his removal hearing to counsel immediately upon receiving it. Ramos' counsel admits that due to his office's failure to properly calendar the hearing date and "negligence in communi-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We reject Ramos' claim that his hearing notice was fatally defective. In order to be entitled to relief based on a defective notice to appear, the "[petitioner] must show that ... [he] was prejudiced by the alleged defect in the [notice]." *Kohli v. Gonzales*, 473 F.3d 1061, 1067 (9th Cir.2007). Ramos has failed to demonstrate any prejudice from the claimed defects.

cating vital information regarding [Ramos'] hearing," Ramos was never informed of the time and date of his hearing. This admitted negligent failure to communicate with and advise Ramos rises to the level of ineffective assistance of counsel constituting exceptional circumstances. *Monjaraz–Munoz v. INS*, 327 F.3d 892, 897 (9th Cir.2003).

■ Next, in order to sustain the order of removal based on Ramos' alleged prior conviction, we "must determine whether substantial evidence supports a finding by clear and convincing evidence" that Ramos was convicted of the alleged offense. *Nakamoto v. Ashcroft*, 363 F.3d 874, 881 (9th Cir.2004). Although we owe the agency decision deference under this standard of review, we are nonetheless required to take account of the government's underlying burden of proof by clear, unequivocal, and convincing evidence. *Hernandez–Guadarrama v. Ashcroft*, 394 F.3d 674, 679 (9th Cir.2005) (" 'Although we review for reasonable, substantial, and probative evidence in the record as a whole,' we affirm only if 'the [agency] has successfully carried this heavy burden of clear, unequivocal, and convincing evidence.' ") (internal citations omitted).

To carry this burden, the government relied exclusively on one document—an unauthenticated I–213 form bearing an INS agent's unsupported representation that Ramos had been convicted of the alleged offense. Although the government is not necessarily limited to proving a conviction by the forms of evidence enumerated in 8 U.S.C. § 1229a(c)(3), *Sinotes–Cruz v. Gonzales*, 468 F.3d 1190, 1196 (9th Cir. 2006), the evidence here was patently deficient. *Hernandez–Guadarrama*, 394 F.3d at 683 ("A single affidavit from a self-interested witness not subject to cross-

examination simply does not rise to the level of clear, unequivocal, and convincing evidence required to prove deportability."). When given the opportunity, the government failed to introduce any additional evidence at the removal hearing beyond this document.

Because the government failed to provide clear, unequivocal, and convincing evidence of Ramos' conviction, we vacate the order of removal. Any records of Ramos' alleged prior conviction, to the extent such records exist, would have been available to the government at the time of the removal hearing; we therefore need not and do not remand to the BIA for further development of the administrative record. *Fernandez–Ruiz v. Gonzales*, 466 F.3d 1121, 1133 (9th Cir.2006) (en banc) (no remand necessary where "all relevant documents of conviction became available before the DHS initiated removal proceedings"); *Hernandez–Guadarrama*, 394 F.3d at 683 n. 13 (removal order vacated on government's failure of proof).

PETITION GRANTED AND VACATED.

RYMER, Circuit Judge, concurring in part and dissenting in part.

I agree that the removal order entered *in absentia* should be rescinded under *Lo v. Ashcroft*, 341 F.3d 934 (9th Cir.2003). This means that everything goes back to square one. Infirmities, if any, in the original proceeding are wiped out. Instead of leaving well enough alone, however, the majority goes further, holding not only that the government's reliance on the I–213 was insufficient (which is unnecessary), but also that *no other evidence of a conviction (or convictions) can be submitted*— which is wrong. We have no idea whether

all relevant documents of conviction were available at the time of the *in absentia* hearing; there was, of course, no challenge to the I–213 and no need for presentation of other proof. Nor is it a fair reading of the hearing to imply, as the disposition does, that the government was given a chance to produce additional documentation of conviction but failed to do so.[1] This is no different from lifting a default; it would never occur to anyone to limit the plaintiff at trial to the showing he made to prove up the default. Having undone the removal order, the rest should be left alone. I accordingly dissent from all but the order rescinding the removal order.