**Luis SANCHEZ–PEREZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74135.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Jan. 14, 2008 *.

Filed Jan. 24, 2008.

Luis Sanchez–Perez, Panorama, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Luis Sanchez–Perez, a native and citizen of Guatemala, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming an immigration judge's decision denying his motion to reopen proceedings in which he was ordered deported *in absentia.* We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Lo v. Ashcroft,* 341 F.3d 934, 937 (9th Cir.2003), we grant the petition and remand for further proceedings.

The agency abused its discretion in denying Sanchez–Perez's motion to reopen because the evidence of record shows reasonable cause for Sanchez–Perez's failure to appear. *See Urbina–Osejo v. INS,* 124 F.3d 1314, 1316 (9th Cir.1997) (observing that "reasonable cause" under former 8 U.S.C. § 1252(b) can exist if petitioner does not receive adequate notice of hearing). The government was required to inform Sanchez–Perez that he must advise the INS of any change in address. *See Lahmidi v. INS,* 149 F.3d 1011, 1017 (9th Cir.1998) (citing *Urbina–Osejo,* 124 F.3d at 1317). The Order to Show Cause issued in 1989 did not inform Sanchez–Perez that he must advise the INS of his current or changed address. Accordingly, we grant the petition and remand for further proceedings in light of Sanchez–Perez's showing of reasonable cause for failing to attend the hearing. *See generally INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). In light of our disposition, we need not address Sanchez–Perez's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.