Jose Luis Diaz ESPINOZA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–71151.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 24, 2008.

Jose Luis Diaz Espinoza, Mission Viejo, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Virginia Lum Fax, David E. Dauenheimer, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Jose Luis Diaz Espinoza, a native and citizen of Mexico, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's decision denying his motion to reopen proceedings in which he was ordered removed *in absentia*. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir.2003), we grant the petition and remand for further proceedings.

Diaz Espinoza's motion to reopen included a declaration under penalty of perjury that he never received the notice rescheduling his hearing for six weeks earlier than the original date. The BIA abused its discretion in failing to consider whether Diaz Espinoza's declaration of non-receipt of notice rebutted the presumption of effective service. *See Sembiring v. Gonzales*, 499 F.3d 981, 986 (9th Cir.2007) (discussing weaker presumption of delivery of hearing notice sent through regular mail, and noting that a sworn affidavit verifying non-receipt of the notice may be sufficient to rebut the presumption of delivery). Accordingly, we remand for the BIA to apply *Sembiring's* "practical and commonsensical" test to Diaz Espinoza's claim. *Id.* at 988.

The BIA also abused its discretion in determining that notice was sent to counsel without considering Diaz Espinoza's contention that he received ineffective assistance of counsel. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir.2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."). The record of proceedings contains no notice of entry of appearance by Diaz Espinoza's prior counsel and the motion to reopen included an admission by this attorney that he sent the notice of the rescheduled hearing to an incorrect address. We therefore remand for the BIA to consider

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

whether Diaz Espinoza's counsel's alleged ineffective assistance was an exceptional circumstance, within the meaning of 8 U.S.C. § 1229a(e)(1), requiring rescission of the *in absentia* removal order pursuant to 8 U.S.C. § 1229a(b)(5)(C). *See Lo,* 341 F.3d at 939; *see generally INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

## PETITION FOR REVIEW GRANTED; REMANDED.