**CHIN YAN CHOU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71899.

United States Court of Appeals, Ninth Circuit.

cation and is not precedent except as provid-

Submitted March 18, 2008.*

Filed March 24, 2008.

Theodore N. Cox, Law Offices of Theodore Cox, Esq., New York, NY, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

### MEMORANDUM **

Chin Yan Chou, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion the decision of an immigration judge denying his motion to reopen proceedings in which he was ordered deported *in absentia.* We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Lo v. Ashcroft,* 341 F.3d 934, 937 (9th Cir.2003),

we grant the petition and remand for further proceedings.

The agency abused its discretion in denying Chou's motion to reopen because, regardless of whether Chou received proper oral notice of his 1993 hearing, the bar to relief under former 8 U.S.C. § 1252b(e)(1) does not apply to asylum claims. *See* 8 U.S.C. § 1252b(e)(5) (repealed 1996).

The BIA failed to address Chou's contention that he received ineffective legal assistance. *See Sagaydak v. Gonzales,* 405 F.3d 1035, 1040 (9th Cir.2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."). We remand for the agency to evaluate Chou's ineffective assistance claim and, if necessary, to determine whether ineffective assistance prevented him from filing a timely asylum application. *See generally INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

The agency did not reach the merits of Chou's asylum claim. Therefore, we do not consider the asylum claim. *Id.*

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.