**Felix Pedro ESPINO–ESPINAL, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72659.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 24, 2008.

James G. Roche, Law Offices of James G. Roche, Santa Ana, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret K. Taylor, Esq., Barry J. Pettinato, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Felix Pedro Espino–Espinal, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to reopen proceedings in which he was ordered deported *in absentia.* We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Lo v. Ashcroft,* 341 F.3d 934, 937 (9th Cir.2003), we grant the petition and remand for further proceedings.

We reject the government's contention that Espino was not ordered deported *in absentia.* Espino successfully appealed *pro se* from his 1995 deportation order, and the BIA remanded for further proceedings. The 1995 order therefore did not become final. *See* 8 U.S.C. § 1101(a)(47)(B) (defining finality of deportation order). The IJ issued the relevant

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

deportation order on October 14, 1997, after deciding "to proceed *in absentia.*"

The agency abused its discretion in concluding that the notice of hearing sent to counsel was sufficient. Espino's notice of appeal to the BIA stated that he was proceeding *pro se,* as did the BIA's remand order of August 1, 1997 that was sent to Espino at his home address. Therefore, subsequent hearing notices on remand, sent only to Espino's former counsel, cannot be construed as notice to Espino. *See Dobrota v. INS,* 311 F.3d 1206, 1211 (9th Cir.2002) (agency "may generally satisfy notice requirements by mailing notice of the hearing to an alien ..., *or,* if she is represented, to her attorney's address of record.").

The BIA also erred in concluding that Espino falsely claimed that he appeared in immigration court on October 17, 1997. His affidavit states only: "In October 1997, I appeared at the Immigration Court. I was advised by the court that my case would be transferred to another courtroom." Accordingly, we remand with directions that the agency reopen Espino's proceedings. *See Sembiring v. Gonzales,* 499 F.3d 981, 991 (9th Cir.2007).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.