**BI YEN WANG, a.k.a. Bi Yan Wang, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–77443.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008 *.

Filed March 24, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Douglas B. Payne, Law Office of Douglas B. Payne, Esq., New York, NY, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.

MEMORANDUM **

Bi Yen Wang, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") decision denying her motion to reopen proceedings in which she was ordered removed *in absentia*. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir.2003), we grant the petition and remand for further proceedings.

The BIA abused its discretion in deciding that Wang failed to overcome the presumption of effective service. Wang's motion to reopen included a sworn declaration that she never received the notice of hearing. *See Sembiring v. Gonzales*, 499 F.3d 981, 986 (9th Cir.2007) (discussing weaker presumption of delivery of hearing notice sent through regular mail, and noting that a sworn affidavit verifying non-receipt of the notice may be sufficient to rebut the presumption of delivery). Additionally, the record copy of the mailing envelope, upon which the agency relies for evidence of effective service, contains no name or address. *See id.* at 989 ("[T]he envelope used to send the notice ... bears no indication whatsoever of either [petitioner's] name or her address ....").

The BIA also erred in weighing as an adverse factor that Wang had "no record of previous court appearances, and potentially had a motive to avoid the removal hearing." The record establishes that Wang was detained upon entry to the United States and told the airport interviewer that she feared arrest by the Chinese government because of her religious practices. Her declaration stated that she did not receive notice of her first and only

scheduled court appearance, and that she wished "another chance to have the Court consider my asylum claim." *Id.* (noting that an alien who "hoped to avoid removal through her asylum application" has no motive to avoid proceedings, particularly where "no previous proceeding had taken place").

Wang has presented sufficient evidence that she did not receive the notice of hearing. We remand to the BIA with directions to remand to the IJ to grant Wang's motion to reopen and rescind her *in absentia* removal order. *See id.* at 991. In light of our disposition, we need not address Wang's due process contention.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.