MEMORANDUM **
Marcela Flores-Lopez, a native and citizen of Mexico, petitions for review of the *533 Board of Immigration Appeals’ (“BIA”) order denying her motion to reopen removal proceedings in order to present new evidence regarding her application for cancellation of removal. She had initially requested cancellation on the grounds that she was a single mother of two United States citizen children who would experience hardship if the family were to be removed to Mexico. The Immigration Judge denied her application, and the BIA affirmed. Flores-Lopez petitioned this court for review, but her petition was dismissed because 8 U.S.C. § 1252(a)(2)(B)(i) strips this court of jurisdiction to review the BIA’s denial of discretionary relief.
Flores-Lopez moved to reopen her removal proceedings on the ground that a more recent ankle and foot injury amounted to new and material additional evidence that established a prima facie case of exceptional hardship sufficient to reopen her cancellation petition, because her injury would make it difficult for her to support her children in Mexico. The BIA, after reviewing the evidence in the record, concluded that the new evidence would not likely change the result in her cancellation petition because her ankle injury was a non-permanent strain or sprain.
In this case, this court does have jurisdiction to review the BIA’s denial of Flores-Lopez’s motion, but only for the purpose of ensuring the BIA has not abused its discretion in denying her motion to reopen. Lo v. Ashcroft, 341 F.3d 934, 937 (9th Cir.2003). The BIA reviewed the evidence before it, and, not unreasonably, concluded that her “sprain/strain” was not serious enough to warrant reopening the case. The BIA did not act arbitrarily, capriciously, or contrary to law, Singh v. INS, 295 F.3d 1037, 1039 (9th Cir.2002); the BIA’s characterization of Flores-Lopez’s injury is supported by the record.
Accordingly, Flores-Lopez’s petition for review is denied.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.