**Mohammed SHAHID, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–77256.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

Ahmed M. Abdallah, Hollywood, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Katherine P. Scheflen, U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, CANBY, and BERZON, Circuit Judges.

### MEMORANDUM **

Mohammed Shahid, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we grant the petition for review and remand.

The agency abused its discretion in denying Shahid's motion to reopen because Shahid stated in his affidavit that his former attorney advised him of the wrong hearing date, *see Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir.2005) ("facts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable"), and Shahid was not required to demonstrate prejudice as his removal hearing was conducted *in absentia, see Lo v. Ashcroft*, 341 F.3d 934, 939 n. 6 (9th Cir.2003) (no showing of prejudice required where motion seeks to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reopen proceedings conducted *in absentia* based on ineffective assistance of counsel).

Because Shahid demonstrated that he failed to attend his removal hearing due to ineffective assistance of counsel, which qualifies as "exceptional circumstances," the removal order entered *in absentia* should be rescinded. *See id.* at 935.

**PETITION FOR REVIEW GRANTED; REMANDED.**