**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 04 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YU LE WANG and LIANG CHEN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-72018 <br><br> Agency Nos.　　A079-630-000 <br>　　　　　　　　　A079-629-999 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 2, 2011[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

Petitioners Yu Le Wang and Liang Chen, natives and citizens of China, seek

review of the BIA's decision dismissing their appeal of the IJ's denial of their

motion to reopen their removal proceedings. We review for abuse of discretion the

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

BIA's denial of a motion to reopen. *Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir. 2003). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

## I.      Lack of Notice

The BIA did not abuse its discretion in declining to reopen the proceedings on the basis of lack of notice. The notice sent to the most recent address provided by petitioner was sufficient to satisfy the notice requirements of 8 U.S.C. § 1229(a)(2)(A). *See Popa v. Holder*, 571 F.3d 890, 897-98 (9th Cir. 2009).

## II.     Ineffective Assistance of Counsel

The BIA did not abuse its discretion when it held that petitioners failed to make a case for reopening their proceedings based on ineffective assistance of counsel. Petitioners did not demonstrate that they were prejudiced by counsel's actions. They did not comply with the requirements in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), or demonstrate "clear and obvious" ineffectiveness that would justify an exception from those requirements. *See Castillo-Perez v. INS*, 212 F.3d 518, 525-26 (9th Cir. 2000); *see also Lo*, 341 F.3d at 937. Because petitioners failed to establish ineffective assistance of counsel, tolling of the deadline for filing a motion to reopen was not warranted. *See Iturribarria v. INS*, 321 F.3d 889, 897-98 (9th Cir. 2003).

The petition for review is DENIED.