NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DELMIRA RAMOS FUENTES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   20-72454

Agency No. A206-900-571

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2024**
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

Delmira Ramos Fuentes is a native and citizen of El Salvador. She petitions

for review of the Board of Immigration Appeals' (BIA) dismissal of her appeal of

an immigration judge's (IJ) denial of her motion to reopen proceedings and rescind

her *in absentia* removal order. We review the denial of a motion to reopen for

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion. *See Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny in part and dismiss in part the petition.

Ramos Fuentes entered the United States without inspection in March 2015. In April 2015, she applied for asylum, withholding of removal, and protection under the Convention Against Torture. Ramos Fuentes appeared in front of an IJ at a master calendar hearing on May 9, 2017, and she was advised orally and in writing that her merits hearing was scheduled for April 9, 2018. The written notice was addressed to Ramos Fuentes's counsel of record. Ramos Fuentes did not appear at the April 9, 2018 hearing, and the IJ ordered her removed *in absentia*.

Ramos Fuentes timely filed a motion to rescind the *in absentia* removal order due to exceptional circumstances. The IJ denied the motion in October 2018, and the BIA affirmed without an opinion. Where, as here, the BIA summarily affirms the IJ's decision, "the IJ's decision becomes the final agency decision," and we "scrutinize the IJ's decision as we would a decision by the BIA itself." *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir. 2003).

1. An *in absentia* removal order may be rescinded if a petitioner files a motion to reopen within 180 days and demonstrates that her "failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "The term 'exceptional circumstances' refers to exceptional circumstances (such as battery or

extreme cruelty to the [noncitizen] or any child or parent of the [noncitizen], serious illness of the [noncitizen], or serious illness or death of the spouse, child, or parent of the [noncitizen], but not including less compelling circumstances) beyond the control of the [noncitizen]." *Id.* § 1229a(e)(1).

"[W]e look to the particularized facts and the totality of the circumstance of each case in determining whether the petitioner has established exceptional circumstances." *Hernandez-Galand*, 996 F.3d at 1034 (cleaned up). We consider whether "petitioners did all they reasonably could to have their cases heard promptly, *Lo v. Ashcroft*, 341 F.3d 934, 938 (9th Cir. 2003), as well as whether "through no fault of their own," petitioners "have never had their day in court to present their claims." *Romani v. I.N.S.*, 146 F.3d 737, 739 (9th Cir. 1998). "Other relevant considerations . . . include whether the petitioner had a motive for failing to appear (such as avoiding a removal order on the merits) and whether the in absentia removal order would cause unconscionable results." *Hernandez-Galand*, 996 F.3d at 1034–35 (citations omitted).

2. Ramos Fuentes first argues that she had no reason not to appear at the 2018 hearing and missed it due to her illiteracy. We agree with the IJ that Ramos Fuentes failed to demonstrate exceptional circumstances because she was notified orally of her hearing date. Although the record does not include a transcript of the master calendar hearing at which Ramos Fuentes was advised of her April 9, 2018

3

merits hearing date, Ramos Fuentes concedes in her brief that she appeared at a prior hearing and received oral notice of her merits hearing date. Ramos Fuentes was also represented by counsel at the master calendar hearing, and written notice of the April 9, 2018 hearing date was sent to her counsel. *See* 8 U.S.C. § 1229a(b)(5)(A) (authorizing removal *in absentia* if a noncitizen fails to appear after written notice "has been provided to the [noncitizen] or the [noncitizen]'s counsel of record"). Based on this record, the IJ acted within his discretion in finding that Ramos Fuentes did not demonstrate exceptional circumstances.

3. Ramos Fuentes also argues that rescission is warranted because the April 1, 2015 Notice to Appear (NTA) did not include the date or time of her removal hearing. Where, as here, a petitioner receives a subsequent Notice of Hearing that includes the date and time of the removal hearing, an *in absentia* removal order cannot be rescinded based on a deficient NTA. *See Campos-Chaves v. Garland*, 602 U.S. 447, 462–63 (2024).

4. Finally, Ramos Fuentes argues that the BIA erred when it failed to *sua sponte* reopen the proceedings based on exceptional circumstances. Because Ramos Fuentes does not argue that the denial was based on legal or constitutional error, we do not have jurisdiction to review this claim. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**PETITION DENIED in part; DISMISSED in part.**

4