Ashot PETROSYAN; Elmira Shaninyan; Aslan Petrosyan, Petitioners,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 05–70971.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 **.

Filed Jan. 18, 2008.

Ashot Petrosyan Apt. A, Glendale, CA, pro se.

Elmira Shaninyan Apt. A, Glendale, CA, pro se.

Aslan Petrosyan Apt. A, Glendale, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., Bryan S. Beier, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM ***

Ashot Petrosyan, Elmira Shaninyan, and Aslan Petrosyan (collectively, the Petitioners), all natives and citizens of Armenia, petition *pro se* for review of the Board of Immigration Appeals' (BIA) denial of their applications for asylum, withholding of deportation, and protection under the Con-

---

* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of

the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vention Against Torture.[1] We dismiss the petition.

We have jurisdiction under 8 U.S.C. § 1252. Due process challenges to immigration decisions are reviewed de novo. *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004). To prevail on the due process claim, a petitioner must show that the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case" and must also show prejudice. *Colmenar v. INS,* 210 F.3d 967, 971(9th Cir.2000).

This court lacks jurisdiction to hear a challenge alleging ineffective assistance of counsel where the claim has not been exhausted before the BIA. *Barron,* F.3d at 677–678. To present a claim of ineffective assistance of counsel, a petitioner must file a motion to reopen with the BIA and demonstrate, at least, substantial compliance with the *Lozada* requirements.[2] *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1071–72 (9th Cir.2003). Petitioners did not raise the ineffective assistance of counsel claim before the BIA, and therefore this court lacks jurisdiction. *See Guo v. Ashcroft,* 361 F.3d 1194, 1199 n. 1 (9th Cir. 2004).

As to the claim of problems with the translation, Petitioners have failed to offer any specific instance where the interpreter is alleged to have erred. Therefore, the court cannot say that interpretation errors influenced the outcome of the hearing. *See Hartooni v. INS,* 21 F.3d 336, 340 (9th Cir.1994).

On the evidence in the record, the BIA did not err by concluding that the Petitioners had failed to establish past persecution or a well-founded fear of future persecution, thus foreclosing their claims for asylum and withholding of deportation. *See Prasad v. INS,* 47 F.3d 336, 341 (9th Cir. 1995). Similarly, the BIA did not err by concluding that the Petitioners had failed to meet their burden of demonstrating eligibility under the Convention Against Torture. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001). Accordingly, the BIA properly dismissed the appeal.

**PETITION DISMISSED.**

---

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85. The Convention Against Torture is implemented at 8 C.F.R. § 208.18.

2. Even viewing the *Lozada* requirements flexibly, the record contains no evidence to suggest that the Petitioners attempted to take any of the steps required. *See Lo v. Ashcroft,* 341 F.3d 934, 937 (9th Cir.2003).

