**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER JUAREZ, | No. 06-72387 |
| Petitioner, | |
| v. | Agency No. A091-815-577 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 8, 2010
Pasadena, California

Before: FRIEDMAN,[**] D.W. NELSON and REINHARDT, Circuit Judges.

Once again we are presented with a case in which an individual was ordered

deported *in abstentia*, through no fault of his own, but rather because of his

immigration counsel's conduct: this time his attorney failed to notify him that his

hearing date on October 21, 2005 had been cancelled because of the attorney's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

failure to file the necessary application; that he had been ordered removed; that the attorney had then succeeded in reopening his case; and that a new calendar date had been scheduled for September 13, 2005. None of these facts were made known to the petitioner by his counsel or otherwise.

The BIA held that these circumstances, including the fact that Juarez's counsel failed to notify him of the September 13, 2005 hearing, did not constitute "exceptional circumstances" that excused Juarez's failure to appear at that hearing, or warranted rescission of the *in abstentia* removal order and reopening of the case. *But see Lo v. Ashcroft*, 341 F.3d 934 (9th Cir. 2003) (holding that a lawyer's secretary's failure to inform a petitioner of the correct date of an immigration court hearing, which resulted in the petitioner's nonappearance, constituted ineffective assistance of counsel and therefore "exceptional circumstances" requiring the rescission of an *in abstentia* removal order).

The BIA stated that it was "unable to find the respondent demonstrated a clear case of ineffective assistance of counsel" for two reasons. First, it stated that Juarez's attorney and his staff "made several attempts to notify [Juarez] of the hearing, but were unable to contact him." This reason is contradicted by the undisputed evidence in the record. At the most, the evidence reflects that counsel's staff left a couple of messages for Juarez after the new hearing date was established

2

but that in none of these messages was Juarez advised of any change in the hearing date, or that there would be any hearing before the October 21, 2005 date of which he had previously been personally informed by the IJ. Although the IJ's order states that counsel said that he mailed a letter to Juarez in an attempt to notify him of his new hearing date, this is also obviously erroneous; the letter could not have mentioned a new hearing date because it was mailed to Juarez on July 20, before the new hearing date had been set. With respect to the phone messages, we also note that it appears highly improbable that counsel's staff would have been unable to reach Juarez by phone, as when it tried to do so on the morning of the September 13 hearing, it reached him immediately, without any difficulty, and Juarez came without delay to the immigration court.

Second, the BIA stated that Juarez "was derelict by not maintaining contact with his attorney." The record, however, shows unequivocally that Juarez "worked with" his counsel "to prepare his applications for relief and gather his supporting documents and other evidence," and contains no suggestion or implication that Juarez failed to do anything necessary to the presentation of his petition. It is also undisputed that Juarez "came in to [the attorney's] office to drop off some documents" during the week preceding the September 13 hearing, but that he was not told, even then, about the hearing or his obligation to be there.

3

Both of the reasons that the BIA advanced in support of its denial of Juarez's motion to reopen are directly controverted by the undisputed facts of the record and neither supports the BIA's action.

The other argument relied on by the IJ, but not by the BIA, is that Juarez failed to show "exceptional circumstances" because he failed to comply with *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA), *aff'd*, 857 F.2d 10 (1st Cir. 1988). We rejected a similar argument in *Lo*. 341 F.3d at 937. An alien seeking to establish "ineffective assistance of counsel" and thus "exceptional circumstances" is not required to follow mechanistically each of the procedures set forth in *Lozada*. *Id.* Compliance with each of the *Lozada* procedures is unnecessary when, as in Juarez's case, the ineffective assistance of counsel is "plain on the face of the administrative record," *Escobar-Grijalva v. INS*, 206 F.3d 1331, 1335 (9th Cir. 2000), which demonstrates that counsel "completely failed in his duties to his client." *Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000). Nor is such compliance necessary when, as in Juarez's case, it is possible "to assess the *bona fides* of the . . . ineffective assistance claims asserted, to discourage baseless allegations and meritless claims, and to hold attorneys to the appropriate standards of performance." *Lo*, 341 F.3d at 937.

4

Juarez clearly established ineffective assistance of counsel and therefore "exceptional circumstances" warranting reopening and the BIA abused its discretion in denying his motion for reopening. *See Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir. 2002). Accordingly, we grant Juarez's petition and remand this case for further proceedings.

**GRANTED and REMANDED.**