**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA GUADALUPE FAVELA-GARCIA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 06-74937 <br><br> Agency No. A019-916-777 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2010
San Francisco, California

Before: REINHARDT, BERZON and CALLAHAN, Circuit Judges.

Maria Guadalupe Favela-Garcia appeals from the Board of Immigration

Appeals' (BIA) denial of her motion to reopen. We hold that the BIA abused its

discretion when it found that Favela-Garcia had not demonstrated exceptional

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

circumstances that compelled the BIA to grant her motion to reopen. Therefore, we GRANT the petition and REMAND for further proceedings.

A properly entered in absentia removal order "may be rescinded only upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). Here, the motion was timely. We use a totality of the circumstances test to determine whether exceptional circumstances were present. *Vukmirovic v. Holder*, No. 05-75936, 2010 WL 3489924, at *4 (9th Cir. Sept. 8, 2010). Although we have not stated it explicitly this way before, a review of our case law reflects that this test is based on four primary factors. We conclude that each of these factors weighs in favor of granting Favela-Garcia's motion to reopen.

First, we examine the circumstances that caused the failure to appear. But, as we held in *Chete Juarez v. Ashcroft*, 376 F.3d 944, 948 (9th Cir. 2004),[1] "we consider all exceptional--i.e., compelling-- circumstances relevant to a petitioner's

---

[1]*Chete Juarez* was a pre-IIRIRA case. But we recognized in *Vukmirovic* that the current statutory requirement for exceptional circumstances is essentially identical to the pre-IIRIRA statute. 2010 WL 3489924, at *3, n.2. Therefore, our analysis in *Chete Juarez* is applicable to the present case.

2

motion to reopen. A motion to reopen may be supported by exceptional circumstances even where the petitioner missed her hearing because of unexceptional circumstances, for instance, misunderstanding the scheduled time of her hearing."

Here, Favela-Garcia asserts that, although her attorney arrived on time, she was twenty to thirty minutes late to her hearing because she overslept, and that she overslept for medical reasons beyond her control. Favela-Garcia's medical problems, and her mental state as a result of those medical problems, contributed to her trouble sleeping. In addition, the court notes that, according to the National Institutes of Health, one of the prescribed drugs that Favela-Garcia was taking had drowsiness as a side effect. National Center for Biotechnology Information, U.S. National Library of Medicine, National Institutes of Health, Pub Med Health, Hydroxyzine, (Sept. 1, 2010) http://www.ncbi.nlm.nih.gov/pubmedhealth/ PMH0000796.

The government cites several cases in support of its argument that Favela-Garcia's medical circumstances alone do not constitute exceptional circumstances. Only one of these decisions, however, is a published decision that is binding precedent and it is of little assistance to the government. In that case, *Celis-Castellano v. Ashcroft*, 298 F.3d 888 (9th Cir. 2002), we held that the Petitioner

3

had not demonstrated exceptional circumstances when he said that an asthma attack four days prior to his hearing had prevented him from attending the hearing. Favela-Garcia's circumstances, however, are more exceptional than Celis-Castellano's in several ways. Celis-Castellano was not 15-30 minutes late to his hearing; rather, he never appeared at the hearing at all. *Id.* at 889. Instead, in his motion to reopen, Celis Castellano submitted a declaration that he suffered a serious asthma attack on June 20, four days before the hearing; he also submitted a letter from a Kaiser Permanente facility stating that he had been seen and diagnosed with asthma two weeks *after* his hearing. *Id.* at 890. By contrast, Favela-Garcia arrived at her hearing only 20 to 30 minutes late. Also, she presented evidence that the reasons for her tardiness were serious, health-related, and perhaps most importantly, closer in time to the moment that the hearing was scheduled to begin. This makes Favela-Garcia's tardiness less egregious than Celis-Castellano's absence, and makes it more likely that the reasons for the tardiness *actually related* to her inability to timely arrive at her hearing.

Although Favela-Garcia presents a compelling case that the circumstances that caused her to be late were indeed exceptional, we need not decide whether her brief lateness due to her medical problems alone would be enough, without more, to constitute exceptional circumstances. *Vukmirovic*, 2010 WL 3489924, at *4.

4

The second, third, and fourth factors also weigh strongly in favor of our finding exceptional circumstances in this case.

Our second factor examines Petitioner's likelihood of success on the merits. *See e.g. Chete Juarez*, 376 F.3d at 948-49 (9th Cir. 2004); *Lo v. Ashcroft*, 341 F.3d 934, 938-39 (9th Cir. 2003); *Singh v. INS*, 295 F.3d 1037, 1038-40 (9th Cir. 2002). We do so because "[t]he history of the statutory provisions shows that . . . [the] exceptional circumstances [requirement] was in response to a serious problem of aliens who were unlikely to be eligible for any form of relief deliberately failing to appear for hearings and thus effectively extending their stay in this country," *Vukmirovic*, 2010 WL 3489924, at *5 (internal quotation marks omitted). Favela-Garcia need not demonstrate that she was *certain* to succeed on the merits; she need only demonstrate that she was "likely" to succeed. *See Chete Juarez*, 376 F.3d at 948-49. She was likely to succeed on her petition for cancellation of removal because she met the three statutory eligibility factors,[2] her criminal record

---

[2]Favela-Garcia pled guilty to possession of a controlled substance in 1992, so the 1996 amendment which stops the 7-year period of continuous residence upon commission of an offense under INA §212(a)(2) does not apply. *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1202-03 (9th Cir. 2006). Her offense was not an aggravated felony.

consisted only of an *expunged* fourteen-year old conviction for possession of a controlled substance, and she had two U.S. citizen children. *See id.*[3]

The third factor is the Petitioner's motive for failing to appear. In both *Singh* and *Chete Juarez*, we found that there was no reason to believe that the Petitioner was seeking to delay unnecessarily the process when the Petitioner had attended multiple previous hearings. *See Singh* 295 F.3d at 1038; *Chete Juarez,* 376 F.3d at 948. Like Singh, Favela-Garcia had attended five master calendar hearings before her merits hearing. *See Singh,* 295 F.3d at 1038. Moreover, Favela-Garcia arrived shortly after the scheduled hearing time. The fact that she was only slightly late to her hearing renders it highly unlikely that her motive was to delay the proceedings in order to stay in the country.

The fourth and final factor is whether the deportation order would cause unconscionable results. In *Singh*, we noted that the result of the in absentia deportation order would be the "break-up of a family or if the family were to remain intact, the ouster of three American citizens." 295 F.3d at 1040. Here, the

---

[3]Suspension of deportation was the former "nomenclature" for cancellation of removal. *See Abebe v. Mukasey*, 554 F.3d 1203, 1205 n.3 (9th Cir. 2009) (en banc). There is no legal difference between these two forms of relief. *See id* (using those two terms interchangeably).

result would be the same, either the ouster of Favela-Garcia's two American citizen children, or the breakup of her family.[4]

Under the totality of the circumstances test, Favela-Garcia has demonstrated exceptional circumstances for her failure to appear. It was an abuse of discretion for the BIA to deny her motion to reopen. Therefore, we grant the petition and remand for further proceedings consistent with this disposition.

**GRANTED and REMANDED**

---

[4]The fact that Favela-Garcia has already been deported does not foreclose her motion to reopen. *See Coyt v. Holder*, 593 F.3d 902 (9th Cir. 2010).