**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KYRIA MELGAR, | No. 09-73200 |
| Petitioner, | Agency No. A095-023-229 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Kyria Melgar, a native and citizen of Costa Rica, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her motion to reopen removal proceedings

conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. Reviewing

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion, *Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir. 2003), we grant the petition for review and remand for further proceedings.

The BIA abused its discretion in concluding that Melgar failed to overcome the presumption of delivery where she presented a sworn declaration that she did not receive the hearing notice, *see Sembiring v. Gonzales*, 499 F.3d 981, 986 (9th Cir. 2007) (discussing the weaker presumption of delivery of a hearing notice sent through regular mail), and the "proof of attempted delivery" is a record copy of a mailing envelope containing no name or address, *see id.* at 989. Moreover, the BIA failed to take into account that Melgar had affirmatively applied for relief and moved to reopen her case within weeks of being ordered removed in absentia. *See id.* at 988 ("The test for whether an alien has produced sufficient evidence to overcome the presumption of effective service by regular mail is practical and commonsensical rather than rigidly formulaic."); *see also Matter of M-R-A-*, 24 I&N Dec. 665, 674 (BIA 2008) (listing affirmative relief applications and diligence among the factors for consideration in determining whether an alien has rebutted the weaker presumption of delivery).

In light of our disposition, we need not address Melgar's remaining contention.

**PETITION FOR REVIEW GRANTED; REMANDED.**