**Baljinder Singh KAPOOR; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73136.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 20, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Kapoor's spouse and two minor children filed derivative applications for asylum, with-

Richard M. Evans, Esq., Marion E. Guyton, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Lead petitioner Baljinder Singh Kapoor, a native and citizen of India, seeks review of the decision by the Board of Immigration Appeals ("BIA"). The BIA dismissed Kapoor's appeal from the Immigration Judge's ("IJ") denial of an application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

The BIA order relied on the IJ's reasoning and reviewed the IJ's factual findings for clear error. *See* 8 C.F.R. § 1003.1(d)(3)(i). We look to the IJ's oral decision "as a guide to what lay behind the BIA's conclusion," *Kozulin v. INS,* 218 F.3d 1112, 1115 (9th Cir.2000), and review an adverse credibility finding for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). We will grant the petition for review only if the evidence compels a contrary conclusion. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1185 (9th Cir.2006).

Substantial evidence supports the adverse credibility finding. The IJ provid-

holding of removal, and CAT relief. As they have not raised any independent grounds for relief, their applications must rise or fall with that of the lead petitioner. *See* 8 U.S.C. § 1158(b)(3).

ed a specific and cogent explanation for her finding that Kapoor's emotionless and expressionless demeanor was "more consistent with a well rehearsed script rather than life experience." *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999) ("special deference" shown to credibility findings based on demeanor).

The IJ also identified substantial inconsistencies between Kapoor's testimony, his asylum interview, and his wife's testimony relating to the nature and duration of medical treatment Kapoor claimed to have received after his alleged detention and beating by the police. These discrepancies are material because they "relate to the basis for his alleged fear of persecution." *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (internal quotations omitted). Lacking credible evidence of past persecution or a well-founded fear of future persecution, Kapoor has not carried his burden to show that "no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias*, 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

▮ Because Kapoor is ineligible for asylum, he necessarily fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

▮ Kapoor's claim for protection under the CAT fails because he has not provided credible evidence that it is more likely than not that he will be tortured if he returns to India. *See Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**