FILED



**NOT FOR PUBLICATION**

SEP 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASWANT SINGH DOL; KULWINDER KAUR DOL,<br><br>        Petitioners,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 08-73598<br><br>Agency Nos. A079-561-227<br>              A079-561-228<br><br><br>MEMORANDUM[*] |
| JASWANT SINGH DOL; KULWINDER KAUR DOL,<br><br>        Petitioners,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 09-70257<br><br>Agency Nos.     A079-561-227<br>           A079-561-228 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 18, 2012

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before: FERNANDEZ, PAEZ, and NGUYEN, Circuit Judges.

Jaswant Singh Dol ("Dol") petitions for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming an immigration judge's ("IJ") denial of Dol's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and the BIA's denial of Dol's motion to reconsider. Specifically, Dol challenges the BIA's decision upholding the IJ's determination that he knowingly filed a frivolous asylum application, and that he is therefore permanently barred from receiving immigration benefits. Our jurisdiction is governed by 8 U.S.C. § 1252. *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). We review de novo the agency's legal conclusions. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). Factual findings underlying an IJ's order are reviewed under the substantial evidence standard. *See Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1015 (9th Cir. 2008). We deny Dol's petition for review.[1]

---

[1] Dol's wife, Kulwinder Kaur Dol, did not file a separate asylum application. Her claim is thus dependent upon her husband's claim. *See* 8 U.S.C. § 1158(b)(3)(A); *see also Kapoor v. Gonzales*, 237 F. App'x 257, 258 n.1 (9th Cir. 2007) (derivative asylum applications of a spouse and children "must rise or fall with that of the lead petitioner").

Dol admits that he knowingly filed a fabricated application, but argues that he did not receive sufficient notice of the privilege of being represented by counsel and of the consequences of knowingly filing a frivolous application for asylum, as required by 8 U.S.C. § 1158(d)(4)(A).  However, for the reasons set forth in our published opinion in *Cheema v. Holder*, No. 08-72451, filed concurrently with this disposition, we find that the I–589 asylum application form adequately notified Dol of his right to counsel and of the penalty for knowingly filing a frivolous asylum application.

Although Dol asserts that a "foreigner with limited English skills such as the Petitioner cannot possibly have understood the legal significance of the term 'frivolous[,]'" he testified that he knew his first asylum application was false and that "there could be serious consequences to telling material falsehoods at [his] asylum interview."  Dol also contends that because his lawyer caused him to falsify the asylum application, he therefore should not be held responsible for knowingly filing a false application.  We have held that a motion based upon ineffective assistance of counsel must generally meet the procedural requirements established by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).  *Castillo-Perez*

*v. INS*, 212 F.3d 518, 525 (9th Cir. 2000).[2]  Here, as the BIA noted, Dol has "not satisfied any of the requirements of *Matter of Lozada* . . . nor even substantially complied with them."

Likewise, we are unpersuaded by Dol's assertion that he had Post-Traumatic Stress Disorder and depressive disorders, which affected his memory during the application process and caused him to file the false application.  As the BIA reasoned in rejecting this argument, "there is no medical evidence or assertion that these conditions prevented him from making truthful statements about his alleged persecution, or that they caused him to detrimentally rely on poor legal advice."[3]

Because Dol failed to establish that it is "more likely than not" that he would be tortured if removed, his claim for protection under the CAT also fails.  8 C.F.R. § 1208.16(c)(2); *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).

Lastly, Dol challenges the BIA's denial of his motion to reconsider his ineffective assistance of counsel argument.  We review a denial of a motion to

---

[2] These procedural requirements require a petitioner to "(1) provide an affidavit describing in detail the agreement with counsel; (2) inform counsel of the allegations and afford counsel an opportunity to respond; and (3) report whether a complaint of ethical or legal violations has been filed with the proper authorities, and if not, why."  *Castillo-Perez*, 212 F.3d at 525 (citing *Matter of Lozada*, 19 I. & N. Dec. at 639).

[3] Because a finding of frivolousness bars an applicant from relief under the INA, *see* 8 U.S.C. § 1158(d)(6), we need not decide whether Dol met his burden of demonstrating eligibility for witholding of removal.

reconsider for an abuse of discretion. *Lara-Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir. 2004), *amended sub nom. Lara-Torres v. Gonzales*, 404 F.3d 1105 (9th Cir. 2005). "Unless the BIA acted arbitrarily, irrationally, or contrary to law, we should not disturb its ruling." *Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir. 2003) (citation omitted). Here, the BIA did not abuse its discretion in denying Dol's motion for reconsideration because Dol failed to identify any error in the BIA's prior decision.

**PETITION DENIED.**