NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR ANIBAL CRUZ-RODAS, | No. 11-73234 |
| Petitioner, | |
| v. | Agency No. A076-819-849 |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2013**
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

The immigration judge ("IJ") denied Petitioner's motion to reopen removal

proceedings filed more than a decade after he was ordered removed in absentia on

July 1, 1998.  The Board of Immigration Appeals ("BIA") dismissed Petitioner's

---

  *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

appeal and denied his motion to remand. We now deny Petitioner's petition for review.

The record supports the agency's finding that Petitioner was personally served with the document that charged him as removable, and that notice of the hearing was mailed to Petitioner's counsel of record at the time, which constituted service on Petitioner, *see* 8 U.S.C. § 1229a(b)(5)(A); 8 C.F.R. § 1292.5(a). The IJ also found that Petitioner's counsel attended the hearing (demonstrating notice of that hearing), a finding that we are not "compelled" to overturn, *see* 8 U.S.C. § 1252(b)(4)(B). In addition, Petitioner concedes that he was in fact ordered removed.

Because Petitioner failed to appear after receiving notice, he was properly ordered removed, as he does not dispute that he was removable as charged. *See* 8 U.S.C. § 1229a(b)(5)(A); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (per curiam). To obtain reopening, therefore, Petitioner was required to demonstrate that his nonappearance resulted from exceptional circumstances beyond his control, 8 U.S.C. § 1229a(b)(5)(C)(i), which he has not done. In addition, his motion to reopen was untimely by more than a decade. *Id.* Petitioner makes no claim of ineffective assistance (in connection with his motion to reopen) that could potentially entitle him to equitable tolling of the applicable 180-day deadline. Any

2

reliance on *Lo v. Ashcroft*, 341 F.3d 934 (9th Cir. 2003), is misplaced, as the petitioners there were affirmatively misled by their counsel and filed a *timely* motion to reopen. *See id.* at 935–36. The BIA therefore correctly approved the IJ's decision denying Petitioner's motion to reopen.

In light of the foregoing discussion, the BIA also permissibly denied Petitioner's motion to remand for production of a transcript of the July 1, 1998, proceeding, as Petitioner is not prejudiced by the transcript's absence.

**PETITION FOR REVIEW DENIED.**