**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OSAMA FARAH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.  19-70998

Agency No. A202-179-331

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 13, 2020
Pasadena, California

Before:  CHRISTEN and WATFORD, Circuit Judges, and ROSENTHAL,[**] Chief District Judge.

Osama Farah, a native and citizen of Syria, petitions for review of the Board

of Immigration Appeals' (BIA) decision denying his motion to reopen and

dismissing his appeal of the Immigration Judge's (IJ) order declining to reopen.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition in part and dismiss in part. Because the parties are familiar with the facts, we recite only those necessary to decide the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004). The BIA does not abuse its discretion "unless it acted arbitrarily, irrationally, or contrary to law." *Id.* (quoting *Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir. 2003)). Questions of law and claims of due process violations are reviewed de novo. *Id.* (citing *Lopez v. INS*, 184 F.3d 1097, 1099 (9th Cir. 1999); *Castillo-Perez v. INS*, 212 F.3d 518, 523 (9th Cir. 2000)). Factual findings are reviewed for substantial evidence. *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005) (citing *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996)).

1. Farah does not specifically contest the BIA's determination that his motion to reopen was untimely. Accordingly, he has waived his claim that the 90-day time limit to file a motion to reopen should be equitably tolled. 8 U.S.C. § 1229a(c)(7)(C)(i); *see Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004) ("Issues not raised in an appellant's opening brief are typically deemed waived."); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996). Though the BIA concluded Farah's motion was untimely, it addressed the merits of his motion and

explained it would have denied the motion on the merits.  The BIA did not abuse its discretion by denying his motion to reopen.

2.  "Although not subject to the full range of constitutional protections, immigration proceedings must conform to the Fifth Amendment's due process requirement." *Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009).  The record supports the Board's findings that Farah had ample opportunity to present evidence and argument relating to his CAT claim to the IJ and BIA before the IJ's December 2015 decision and the BIA's August 2016 decision.  Farah testified on his own behalf, and submitted substantial documentary evidence for the IJ's consideration prior to the IJ's December 2015 decision.  Though the initial hearing before the IJ primarily focused on Farah's applications for asylum and withholding, he testified to his fear that he would be tortured in Syria and his counsel submitted evidence supporting his CAT claim, including evidence relating to Christians in Syria.  Accordingly, we conclude Farah has not shown the lack of a hearing on remand rendered the proceedings "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)).

Moreover, Farah has not demonstrated he was prejudiced by the lack of a hearing on remand because he has not submitted evidence showing "that the outcome of the proceeding may have been affected by the alleged violation." *Id.* at 621 (quoting *Colmenar*, 210 F.3d at 971). Much of the evidence he submitted in support of his motion to reopen was not new, and what new evidence he did submit was cumulative of the evidence submitted at his original hearing. Further, Farah did not submit any affidavits describing what new testimony he or any other person would provide to show he would likely be subjected to torture were he returned to Syria.

3. The BIA also did not abuse its discretion by determining that Farah did not present any "new and material evidence" that would warrant reopening. 8 C.F.R. § 1003.23(b)(3). As noted previously, the majority of evidence Farah submitted with his motion to reopen was not new, and what new evidence he did submit was cumulative of the evidence submitted prior to the IJ's December 2015 decision. Accordingly, Farah did not show a "reasonable likelihood that the statutory requirements for relief [were] satisfied." *Tadevosyan v. Holder*, 743 F.3d 1250, 1255 (9th Cir. 2014).

4. Farah did not exhaust his argument that the persecutor bar should not apply because he was under duress or compulsion, and we dismiss this portion of

4

the petition for lack of jurisdiction. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) ("It is a well-known axiom of administrative law that if a petitioner wishes to preserve an issue for appeal, he must first raise it in the proper administrative forum.").[1]

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

[1]  Farah's motion for stay of removal (Dkt. #1) and supplemental motion to stay removal (Dkt. #5) are DENIED as moot.