

FILED

**NOT FOR PUBLICATION**

APR 21 2021

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOA THI AN NGUYEN, | No.  20-70090 |
| Petitioner, | Agency No. A099-764-681 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 12, 2021
Seattle, Washington

Before: HAWKINS and CALLAHAN, Circuit Judges, and FITZWATER,** District
Judge.

Hoa Thi An Nguyen ("Nguyen"), a native and citizen of Vietnam, petitions for

review of the Board of Immigration Appeals' ("BIA's") dismissal of her appeal

challenging the immigration judge's denial of her motion to reopen proceedings and

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

rescind a removal order entered *in absentia*. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review the denial of a motion to reopen for abuse of discretion. *See, e.g.*, *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (citing *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005)). We must uphold the decision of the BIA unless it "acted arbitrarily, irrationally, or contrary to law." *Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir. 2003) (quoting *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 891 (9th Cir. 2002)). We review the BIA's legal conclusions *de novo* and its factual findings for substantial evidence. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (citing *Bhasin*, 423 F.3d at 983).

Because the facts are known to the parties, we do not repeat them here except as necessary to explain our decision.

The BIA did not abuse its discretion in dismissing Nguyen's appeal of the denial of her motion to reopen proceedings and rescind the removal order, which she based on lack of notice. Nguyen did not inform the United States Citizenship and Immigration Services ("USCIS") of an address change from Washington to California; the notice to appear and hearing notices were sent by regular mail to the last address that she provided; and the BIA reasonably concluded that she did not present sufficient evidence to rebut the weaker presumption of delivery. *See*

*Sembiring v. Gonzales*, 499 F.3d 981, 988-89 (9th Cir. 2007) (identifying factors relevant to evaluating a petitioner's rebuttal of the presumption of effective service). Nor has Nguyen provided a legal basis to conclude that a third party's application to the agency on her behalf amounted to a global update of her address of record with the USCIS or otherwise provided constructive knowledge that she had moved to San Jose, California.

For the same reasons, we also reject Nguyen's due process argument. *See Dobrota v. INS*, 311 F.3d 1206, 1211 (9th Cir. 2002) (holding that the government satisfies due process requirements by mailing notice to the last address that the non-citizen provided).

**PETITION DENIED**.