NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YUSLI CLARISA FUENTES-
BAUTISTA; A.E. FUENTES-BAUTISTA,

No. 24-1309

Agency Nos.
A220-297-488
A220-297-487

Petitioners,

v.

MEMORANDUM*

PAMELA BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 7, 2025
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.
Dissent by Judge CALLAHAN.

Yusli Fuentes-Bautista and her minor child (collectively, "petitioners")

appeal the Board of Immigration Appeals' ("BIA") order denying their motion to

reopen removal proceedings based on ineffective assistance of counsel for failure

to file an opening brief before the BIA. Petitioners argue that the BIA abused its

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

discretion by demanding strict compliance with the requirements articulated in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). They argue that because the record reflects a clear case of ineffective assistance of counsel by their attorney, Fabian Serrato, strict compliance with the *Lozado* requirements was unnecessary.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004). We will uphold the BIA's decision "unless it acted arbitrarily, irrationally, or contrary to law." *Id.* (quoting *Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir. 2003)) (cleaned up). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand this matter to the BIA for further proceedings consistent with this disposition.

1.      We have not required strict compliance with *Lozada* when "[t]he face of the record shows a clear and obvious case of ineffective assistance of counsel." *Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000). That is because "[f]lexibility in applying the *Lozada* requirements comports with *Lozada*'s policy goals, which are to provide a framework within which to assess . . . ineffective assistance claims asserted, to discourage baseless allegations and meritless claims, and to hold attorneys to appropriate standards of performance." *Lo*, 341 F.3d at 937. We have also recognized "a valid ineffective assistance of counsel claim when the petitioner was deprived of an opportunity to appeal because of counsel's untimely filing of appeal." *Rojas-Gracia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.

2003) (citing *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir.2000)). When a petitioner "is prevented from filing an appeal in an immigration proceeding due to counsel's error, the error deprives the [petitioner] of the appellate proceeding entirely." *Dearinger*, 232 F.3d at 1045.

Here, Mr. Serrato failed to file an appellate brief after timely filing a Notice of Appeal ("NOA") with the BIA. Mr. Serrato eventually filed a motion to reopen, explaining his failure. Mr. Serrato declared that the BIA notified him of the briefing schedule over email. Though he frequently received notifications regarding electronic filings with the BIA through email, he did not see or read the BIA's notification. Over two and a half months later, the BIA dismissed petitioners' appeal. Mr. Serrato knew that after he filed the NOA, he would have to file an appellate brief. He was notified of the filing deadline. Yet he did not follow up on petitioners' matter.

This is an obvious case of ineffective assistance of counsel. It is clear from the record that Mr. Serrato did not file the appellate brief within the time set by the briefing deadline, and that the BIA summarily dismissed petitioners' appeal because of Mr. Serrato's error. Ultimately, "*Lozada* is intended to ensure both that an adequate factual basis exists in the record for an ineffectiveness complaint and that the complaint is a legitimate and substantial one." *Castillo-Perez*, 212 F.3d at 526. The record before us satisfies and meets these goals. Therefore, the BIA

abused its discretion when it required strict compliance with *Lozada*.

2.     "*Lozada* . . . is only the preliminary step for making an ineffective assistance of counsel claim." *Rojas-Gracia*, 339 F.3d at 826. While "failure to file a timely [brief] create[es] a presumption of prejudice," a petitioner "must show 'plausible grounds for relief.'" *Id.* (quoting *Dearinger*, 232 F.3d at 1046). Here, the BIA never reached the issue of prejudice.[1] *See Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1177 (9th Cir. 2022) ("If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case." (cleaned up)). Therefore, we grant the petition and remand this matter to the BIA for the agency to determine in the first instance whether petitioners can show plausible grounds for relief.

**PETITION GRANTED and REMANDED.**

---

[1]     Indeed, the government conceded this point in its brief and at oral argument.

*Yusli Clarisa Fuentes-Bautista; A.E. Fuentes-Bautista v. Bondi*, No. 24-1309

CALLAHAN, Circuit Judge, dissenting:

I dissent because Petitioners have not shown that the BIA abused its discretion in denying their "motion to reinstate appeal request to reconsider requesting late filing of brief." We review the decision by the Board of Immigration Appeal ("BIA") for abuse of discretion. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004). The BIA reasonably found that "[u]pon consideration of the entirety of the record before us, we are not persuaded that reconsideration of our prior decision is warranted."

The BIA further held, construing the filing as a motion to reopen, "that reopening is not warranted because the respondent has not formally raised an ineffective assistance of counsel claim or complied with any of the *Lozada* requirements." The BIA noted that strict compliance with the requirements of *Matter of Lozada*, 19 I.&N. Dec. 637, 639 (BIA 1988), was not required. Here, there was no formal assertion of ineffective assistance of counsel, no affidavit from Petitioners setting forth the agreement that was entered into with counsel, and no showing that counsel's deficient performance was reported to a disciplinary authority. "*Lozada* is intended to ensure both that an adequate factual basis exists in the record for an ineffectiveness complaint and that the complaint is a legitimate

and substantial one." *Castillo-Perez v. I.N.S.*, 212 F.3d 518, 526 (9th Cir. 2000).

As Petitioners did not provide the necessary information to support a claim of

ineffective assistance of counsel, the BIA did not abuse its discretion in denying

Petitioners motion to reopen.